CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.*

LANGLEY.

Opinion delivered March 17, 1906.

1.  APPEAL—JUDGMENT OF JUSTICE OF THE PEACE.—Appeals from all judgments of justices of the peace to the circuit court are allowed as a matter of absolute right, regardless of the amount involved. (Page 208.)

2.  SAME—FROM PART OF JUDGMENT.—One against whom a judgment has been obtained has the right to pay or to offer to pay so much thereof as he concedes to be just and to appeal from the residue of the judgment. (Page 208.)

Appeal from Hot Spring Circuit Court; *Alexander M. Duffie,* Judge; reversed.

*E. B. Peirce* and *T. S. Buzbee,* for appellant.

· The Constitution and statute law confer unconditional right of appeal. Art. 7, sec. 42, Const. Ark.; Kirby's Digest, § 4665. See also Kirby's Digest, § § 1223, 1234, 1235 and 1236. An action for recovery of penalty for nonpayment of wages is a separate action, and may be maintained separately from an action to recover wages. 70 Ark. 226. Defendant clearly had the right to pay off that part of the judgment which it deemed to be just, and appeal from that part at which it was aggrieved. 53 Ark. 514; Baylies on New Tr. & App. § 7; 2 Enc. Pl. & Pr. 96.

*H. B. Means,* for appellee.

McCULLOCH, J. The plaintiff, J. T. Langley, sued the defendant, Chicago, Rock Island & Pacific Railway Company before a justice of the peace of Hot Spring County to recover a debt of $41.60 for labor performed, and the further sum of $1.83 per day as statutory penalty for nonpayment of wages; and on the return day of the summons the justice of the peace rendered judgment in favor of the plaintiff for the amount of wages sued for and the accrued penalty, aggregating the sum of $131.40.

On the same day defendant presented to the justice of the peace an affidavit and prayer for appeal to the circuit court, in which it tendered to plaintiff the full amount claimed by him as wages, interest and cost of suit, and prayed an appeal from the judgment for the penalty. Defendant also tendered a supersedeas bond in proper form. The justice of the peace refused to allow

the appeal, whereupon the defendant filed in the circuit court a petition for a rule on the justice requiring him to grant the appeal. The court denied the prayer of the petition, and defendant appealed to this court.

The appeal was refused on the ground that it was sought to be taken from only a part of the judgment.

The court erred in refusing to order the allowance of the appeal. Appeals from all judgments of justices of the peace to the circuit court are allowed as a matter of absolute right, regardless of the amount involved. Art 7, § 42. Const. 1874; Kirby's Digest, § 4665.

The defendant had the right to pay, or offer to pay, the amount of the judgment which it conceded to be just, so as to stop further cost of litigation, if that amount should be finally adjudged to be all that was due, and appeal from the remainder. To the extent of the amount conceded to be just, it was not aggrieved by the judgment. The plaintiff could not, by refusing to accept the undisputed amount tendered, cut off the right of appeal from that part of the judgment at which the defendant was aggrieved.

The penalty for nonpayment of wages was a separate cause of action (*St. Louis, I. M. & S. Ry. Co.* v. *Pickett,* 70 Ark. 226), and defendant had the right to appeal from that part of the judgment without subjecting itself to further cost by litigating the amount of wages which it conceded to be justly due to plaintiff. It is the policy of the reformed procedure to encourage the speedy termination of litigation by permitting a defendant to offer to pay or confess judgment for an amount conceded to be due at any stage of the action, and thereby stop the accrual of further cost against him.

The question of the right of a party to accept a benefit under one part of a judgment and appeal from another is not involved in this case. The defendant accepted no benefit under the judgment of the justice of the peace. It simply offered to pay the undisputed amount of wages due plaintiff.

The cause is reversed and remanded with directions to enter a judgment in accordance with the prayer of the petition, requiring the justice of the peace to grant the appeal and certify a transcript of the procedings as provided by the statute.