MORGAN *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY

COMPANY.

Opinion delivered December 23, 1912.

1. JURISDICTION OF THE CIRCUIT COURT AS TO AMOUNT OF JUDGMENT IN APPEAL FROM JUSTICE'S COURT.—Where an employee sued a railway

company under section 6649, of Kirby's Digest, for wages and damages or penalty, and recovered judgment in the justice's court for $55, and the defendant appealed to the circuit court where a jury returned a verdict of $688.21, which was in excess of the jurisdiction of the justice's court, it is error to set aside the verdict of the jury and affirm the judgment of the justice.   (Page 78.)

2.   JUSTICES OF PEACE—JURISDICTION.—The justice's court having had jurisdiction and the pleadings not being amended on appeal, the circuit court had jurisdiction to render any judgment up to $300, the limit of the jurisdiction of the justice and should have rendered judgment for that sum.   (Page 78.)

Appeal from Jackson Circuit Court; *R. E. Jeffery*, Judge; reversed:

*Jones & Campbell*, for appellant.

The court erred in setting aside the judgment on the verdict and in entering a judgment which was in effect an affirmance of the judgment of the justice of the peace.   Kirby's Dig., § 6649; 92 Ark. 425.

*E. B. Kinsworthy, S. D. Campbell* and *R. E. Wiley*, for appellee.

1.   The question of jurisdiction was not raised in the case cited by appellant, and that case does not control here. This case is ruled by the case of *Rose v. Christinet*, 77 Ark. 582.

On appeal from a justice of the peace to the circuit court, the jurisdiction of the court is derived from and dependent upon the appeal, and the circuit court can render no judgment which the justice of the peace could not have rendered.   44 Ark. 377; 61 Ark. 33; 77 Ark. 234; 78 Ark. 176; 95 Ark. 43, 47.

2.   The jurisdictional limit, the action being in tort, is $100.   41 Ark. 478; 47 Ark. 61; 66 Ark. 364.

*Jones & Campbell*, for appellant in reply.

1..   The circuit court had jurisdiction to enter judgment for the larger amount.   51 Ark. 344.   Jurisdiction once vested can not be defeated automatically.   34 Ark. 410, and cases cited; 19 Okla. 246; 14 Am. & Eng. Ann. Cases, 1029.

2.   The amount of wages sued for, and not the amount of the penalty, controls the jurisdiction.   33 Ark. 816; 39 Ark. 246; 66 Ark. 409.

McCULLOCH, C. J.   Appellant, W. C. Morgan, worked for appellee as section foreman, and was discharged on Jan-

uary 19, 1911, as he alleges, without payment of the amount
of wages due.    He instituted this action before a justice of
the peace of Jackson County on January 31, 1911, to recover
the amount of his wages for nineteen days at the rate of.$1.83 1-3
per day, amounting to the sum of $34.83, and damages at the
same rate per day for the delay in payment.    The cause was
heard before the justice of the peace on February 1, 1911,
and judgment was rendered in appellant's favor for the sum
of $55.00, and an appeal was prosecuted to the circuit court
by appellee.    On the trial in the circuit court the jury returned
a verdict in appellant's favor for the sum of $17.41, balance
due on wages, and for the further sum of $671 for damages
or penalty.    The court thereupon rendered judgment in ap-
pellant's favor for the sum of $688.21, the total amount of the
jury's verdict; but thereafter, on motion of appellee raising
the question of jurisdiction, set aside the judgment and ren-
dered another judgment affirming the judgment of the justice
for the sum of $55, with interest.    Exception to this ruling
of the court was duly saved by appellant, and he prosecuted
his appeal to this court from the order and judgment of the
court setting aside its former judgment.

It is insisted, in the first place, that appellant is in no
position to complain of the ruling of the court because he did
not object to the affirmance of the judgment of the justice,
but objected only to setting aside the judgment rendered on
the verdict, which is alleged to be beyond the jurisdiction
of the court.

This contention is not sound, for appellant did  object
to the court's rulings in setting aside the judgment entirely
and is in a position to complain here to the extent that the
court failed to render any judgment consistent with the verdict
which was within its jurisdiction.

There is no question presented here of error in refusing
to grant a new trial, because that was not asked by either
party.    The court did not grant a new trial, but set aside
the judgment on the ground that there was no jurisdiction
to render it, and then rendered a judgment affirming the judg-
ment of the justice.

The case here turns, therefore, solely on the question
of the jurisdiction of the court, and appellant has properly

preserved his right to raise the question of the alleged error of the court in deciding it had no jurisdiction.

The statute under which the suit was instituted provides that the wages "shall not continue more than sixty days unless an action therefor shall be commenced within that time." Kirby's Digest, § 6649. If, however, the action is commenced within sixty days, the wages continue up to the date of final judgment. *Kansas City, P. & G. Rd. Co.* v. *Moon,* 66 Ark. 409. Where an appeal is prosecuted from a justice of the peace to the circuit court, the amount of wages which accrued during the delay is not deemed to have been merged in the judgment of the justice, but continue until final judgment in the circuit court. *St. Louis, I. M. & S. Ry. Co.* v. *Bryant,* 92 Ark. 425.

The so-called penalty, mentioned in the statute, accruing by way of continuance of the wages during the delay in payment, is given, as said by this court in *St. Louis, I. M. & S. Ry. Co.* v. *Pickett,* 70 Ark. 226, "partly as compensatory and partly as exemplary damages." And it was also held in that case that a separate action could be maintained to recover the damages. The recovery, however, either in an action to recover both wages and damages, or in a separate action to recover one or the other, is limited to that which accrues up to the time of the payment of the original wages due at the time of the discharge. *St. Louis, I. M. & S. Ry. Co.* v. *Bryant, supra.*

In *Chicago, R. I. & P. Ry. Co.* v. *Langley,* 78 Ark. 207, following the ruling of the court in the Pickett case, *supra,* we held that separate actions might be maintained, and an appeal could be taken from a judgment of a justice of the peace for the damages after a tender of the amount of the original wages had been made.

We have held that a justice of the peace has jurisdiction in actions of this character for the reason that a recovery for continuation of wages is not strictly a penalty, but is intended to compensate the employee for the delay and to award further compensation by way of exemplary damages. *Leep* v. *Railway,* 58 Ark. 407. The damages grow out of the contract, and the justice of the peace has jurisdiction up to the sum of $300 under the provision of the Constitution which confers jurisdiction "in matters of contract." *Koch* v. *Kimberling,*

55 Ark. 547. The jurisdiction being limited, however, to the sum of $300, the increase of the amount due by reason of the continuation of the wages during the delay can not exceed the jurisdiction of the justice, nor of the circuit court on appeal beyond the constitutional amount named.

The principle announced in the case of *Rose* v. *Christinet,* 77 Ark. 582, which is cited and relied on by appellee, is controlling to a large extent in the present case. There we held that the circuit court on appeal had no jurisdiction of the cause of action set forth in an amended complaint asking for damages for wrongful detention of personal property in excess of the sum of a hundred dollars, and that any judgment rendered by the court on such plea was void for want of jurisdiction. That case is authority for the contention that a judgment of the circuit court on appeal, in awarding damages for delay, whether the same accrued before or after the commencement of the action, can not exceed the jurisdictional amount conferred upon justices of the peace by the Constitution; but the case is distinguishable from the present one on the point that the circuit court had no jurisdiction to render any judgment at all. In that case an amended plea was filed setting forth a cause of action which was beyond the jurisdiction of the circuit court to hear and determine, and we held that any judgment rendered thereon was void. In the present case there was no amendment to the pleadings. The cause was tried upon the cause of action set forth in the original pleadings, of which the court had acquired jurisdiction and still retained it up to the amount of the limit prescribed by the Constitution. The jury, by its verdict, and the court, by the judgment rendered thereon, exceeded the jurisdiction; but that was an error which could be corrected by reducing the amount of the judgment so as to bring it within the limit prescribed by the Constitution. The court did not lose jurisdiction merely because, by lapse of time, the amount which might have been recovered in a court of proper jurisdiction had exceeded the jurisdictional amount of the justice of the peace. The court was correct in holding that the judgment was erroneous because it exceeded the jurisdiction conferred by the Constitution; but the correction of that error only called for the reduction of the judgment to the jurisdictional

amount. The rendition of the judgment for the excessive amount did not oust the jurisdiction of the court to render a judgment for the correct amount. The jury settled all the issues in appellant's favor, and the only error made was in the verdict and the rendition of a judgment for an amount in excess of the court's jurisdiction, which error could, as before stated, be corrected by reducing the judgment to the jurisdictional amount. In *Rose* v. *Christinet, supra,* we said:

"Where jurisdiction is rightly conferred, as in this case, by the original statement of a cause of action of which the court had jurisdiction, the allowance of an amendment increasing the amount beyond the jurisdiction, is an error which may be corrected by rejection or withdrawal of the amendment, leaving the cause resting upon the statements of the original complaint."

In the present case, as we have already pointed out, there being no amendment, the court had jurisdiction when it rendered judgment up to $300, and any judgment rendered up to that amount, was valid. Therefore, the correction may be made after judgment. The circuit court erred in setting aside the judgment entirely on account of lack of jurisdiction and in affirming the judgment of the justice. Instead of doing that it should have reduced the judgment to the jurisdictional amount of $300. The judgment of the circuit court is, therefore, reversed and judgment will be entered here in appellant's favor for the sum of $300, with interest from the date of the original judgment in the circuit court.