NORTON *v.* ROAD IMPROVEMENT DISTRICT No. 1 OF JEFFERSON AND LINCOLN COUNTIES.

Opinion delivered March 22, 1920.

HIGHWAYS—INJUNCTION SUIT—APPEAL.—An appeal by land owners from a final judgment against them in a suit to restrain the commissioners of a road district from making or enforcing an assessment of benefits must be dismissed if not perfected within 60 days, as required by the special act creating the district.

Appeal from Lincoln Circuit Court; *W. B. Sorrells,* Judge; appeal dismissed.

*T. W. Raines* and *A. J. Johnson,* for appellants.

The act is invalid,. as it interferes with the. jurisdiction of the county court, and the commissioners have included in the plans, etc., four county bridges. Act No. 409, Acts 1919; 130 Ark. 410.

*Caldwell, Triplett & Ross* and *Coleman & Gantt,* for appellees.

The appeal should be dismissed for failure to file the transcript or perfect their appeal within the time prescribed—thirty days—or in any event, not later than 60 days. Act 409, § 22; Kirby & Castle's Digest, § 1300; 69 Ark. 281-283; 46 Ark. 17-21; 92 *Id.* 598.

HUMPHREYS, J. Appellants instituted suit against appellees, commissioners of Road Improvement District No. 1 of Jefferson and Lincoln Counties, in the Lincoln Circuit Court, to restrain appellees from making or enforcing an assessment of benefits against the lands owned by them in said district, attacking the validity of Act No. 409 of the Acts of the General Assembly of 1919, creating said district, upon various grounds set up in the complaint.

Appellees demurred to the complaint upon the ground that the facts set forth therein were not sufficient to constitute a cause of action cognizable in the Lincoln Circuit Court.

In the absence of the circuit and chancery judges from Lincoln County, the cause was submitted to Honorable R. G. Reid, county judge of said county, who issued a temporary order restraining appellees from making or enforcing an assessment of benefits against appellants' lands in said district.

On August 9, 1919, upon notice and motion, after hearing, the circuit judge of the district quashed the temporary restraining order issued by the county judge, and, at the regular September term, 1919, of the Lincoln Circuit Court, the cause was heard upon the pleadings and evidence, which resulted in a dismissal of the complaint, from which judgment of dismissal an appeal

has been prosecuted to this court. The judgment of dismissal was rendered on the 8th day of September, 1919. The transcript of the proceedings was filed with the clerk of the Supreme Court on December 5, 1919, more than sixty days after the rendition of the judgment.

Appellees now insist that this appeal be dismissed for failure of appellants to perfect their appeal within the time prescribed by law. Section 22 of Act No. 409, creating this particular road district, provides that all appeals from judgments rendered in suits for injunctions and restraining orders under said act must be taken within thirty days and perfected within thirty days thereafter. The appeal herein, having been perfected more than sixty days after the rendition of final judgment, can not therefore be entertained by this court.

For this reason, the appeal is dismissed.