FERRELL *v.* MASSIE.

Opinion delivered October 17, 1921.

1.  HIGHWAYS—COLLECTION OF ASSESSMENTS—TIME OF APPEAL.—
    Crawford & Moses' Digest, § 5687, providing that a transcript on appeal from decree enforcing the collection of a highway assessment "shall be filed in the office of the clerk of the Supreme Court within twenty days after the rendering of the decree appealed from," is mandatory.

2. HIGHWAYS—COLLECTION OF ASSESSMENTS— TIME OF APPEAL.—
   Crawford & Moses' Digest, § 5687, requiring the transcript on appeal from a decree enforcing the collection of a highway assessment to be filed within 20 days after the rendering of the decree, applies in the case of an appeal from such a decree though the defendant by cross-bill seeks to attack the validity of the district or of the assessment of benefits.

3. HIGHWAYS—ENFORCEMENT OF ASSESSMENTS—STATUTES CONSTRUED.
   —There is no conflict between the statute authorizing vacation decrees on stipulation of counsel (Crawford & Moses' Dig. § 2190) and the statute (Crawford & Moses' Digest., § 5681) providing that the chancery court shall be always open for the purpose of taking any step in the enforcement of highway assessments, and both statutes are applicable to suits to enforce such assessments.

Appeal from Prairie Chancery Court, Southern district; *John M. Elliott,* Chancellor; appeal dismissed.

*Mehaffy, Donham & Mehaffy,* for appellants.

*J. F. Holtzendorff* and *Chas. B. Thweatt,* for appellees.

McCULLOCH, C. J.   Appellees constitute the members of the board of improvement of an improvement district created under the general statutes in the town of Hazen for the purpose of improving certain streets and sidewalks, and this action was instituted in the chancery court of the county to enforce the payment of assessments and penalties thereon.   The complaint contains allegations in general terms setting forth the creation of the district, the assesment of benefits, etc., and the non-payment of the assessments by the defendants.   A list of the unpaid assessments was exhibited with the complaint.

Appellants, who were defendants below and are the owners of property in the district, filed a joint answer, in which they denied all the allegations of the complaint with respect to the creation of the district, and the levy of assessments, and the non-payment thereof. They also incorporated in the answer a cross-complaint attacking the validity of the district and the assessment of benefits on numerous grounds, alleging failure to comply with the statute with respect to the original petition for the

creation of the district, the second petition, the publication of notice, the enactment of the ordinances, and various other things required by the statute. Crawford & Moses' Digest, §§ 5647 *et seq.* The prayer of the answer and cross-complaint is that the ordinances in regard to the district be declared invalid, and that the commissioners be restrained from attempting to collect assessments and from further proceedings under the ordinances.

The cause was heard by the chancellor in vacation on stipulation of counsel, and a decree was rendered in favor of appellees for the collection of the unpaid assessments and for the sale of the property of appellants if the assessments be not paid, and also dismissing the cross-complaint for want of equity. An appeal was prayed and granted by the chancellor; but the transcript was not filed in this court within twenty days.

There is a motion to dismiss the appeal on the ground that the transcript was not filed within the time required by statute. The statute in regard to improvement districts situated wholly within municipalities provides that, if the assessments on the property be not paid within the time required, the board of improvement shall "straightway cause complaint in equity to be filed in the court having jurisdiction of suits for the enforcement of liens upon real property for the condemnation and sale of such delinquent property;" that the courts shall always be open for the purpose of taking every necessary step in such suits; that in the decree of condemnation the court "shall direct that if the sum adjudged shall not be paid within ten days the property shall be sold by a commissioner appointed for that purpose;" that no appeal shall be prosecuted from such decree "after the expiration of twenty days herein granted for filing the transcript in the clerk's office of the Supreme Court;" and that the transcript "shall be filed in the office of the clerk of the Supreme Court within twenty days after the rendering of the decree appealed from." Crawford & Moses' Digest, §§ 5673 *et seq.*

We have held that this statute is mandatory with respect to the time for obtaining the appeal and for filing the transcript. *Crandell* v. *Harrison,* 105 Ark. 110; *Miller* v. *White,* 108 Ark. 253.

This is a suit for the collection of delinquent assessments, as provided in the statute; but the contention is that the cross-complaint of appellants, attacking the validity of the district and the assessment of benefits, takes the case out of the operation of the statute with respect to the limitation of time for taking an appeal and filing the transcript.

The majority of the court are of the opinion that this contention of counsel is not well founded. The manifest purpose of the statute is to expedite the final disposition of suits to enforce collection of assessments in improvement districts of this kind (*Miller* v. *White, supra*) ; and when a suit is instituted for that purpose, it still retains its character, notwithstanding an effort, by way of cross-complaint, to adjudicate invalidity of the district. The statute prescribes the form of the decree in such cases and fixes a limitation upon appeals "from any such decree." The decree in the present case falls squarely within the terms of the statute, and the effect of this limitation is not avoided by the fact that appellants, in presenting a defense against the enforcement of the assessments, pleaded new matter by way of cross-complaint.

It is further contended by counsel that, since the statute provides that the chancery court shall always be open for the purpose of taking necessary steps in suits to enforce the collection of assessments (Crawford & Moses' Digest, § 5681, the statute authorizing vacation decrees on stipulation of counsel ('Crawford & Moses' Digest, § 2190) has no application; and that, if the vacation decree in this case be valid, the suit must be treated as one not falling within the statute in regard to suits for the enforcement of assessments. The two statutes are not at all inconsistent with each other, and are

both applicable to suits of this character. The fact that under the statute the court is open at all times for the hearing of such cases does not affect the application of the other statute providing for vacation decrees on stipulation.

The transcript not having been filed within the time specified in the statute, it follows that the appeal must be dismissed. It is so ordered.

HART, J., (dissenting). Judge Wood and myself do not think that the majority opinion is sound when all the material facts contained in the record are considered. Not only did the defendant file a cross-bill assailing the validity of the improvement district on numerous grounds, as stated in majority opinion, but in addition it may be said that no objection was made by the plaintiffs to the filing of the cross-bill. On the contrary, they filed an answer in which they specifically denied every allegation of the cross-bill seeking to assail the validity of the district.

The court below then made an order allowing the defendants to make proof on the issues thus raised. Proof was taken, and the case was heard in the chancery court upon the pleadings and the proof made. The court made specific findings sustaining the validity of the organization of the district and specifically dismissed the cross-bill of the defendants for want of equity.

The parties and the court below having all treated the case as a suit to test the validity of the district, it is manifestly unjust for this court on appeal to characterize the case as one brought under the statute solely to collect assessments. If objection had even been made to the filing of the cross-bill, the case might be different, but we cannot perceive how the case still retains its character solely as a suit to collect assessments under the statute, when both parties by their pleadings made it a suit to test the validity of the district, and the court below so treated it.

The chancery court had jurisdiction of a suit to test the validity of the district, and, the parties having submitted themselves to the jurisdiction of the court in such

a suit, and the court below having treated it as a suit to test the invalidity of the district, and having decided the issues thus raised, we think that the statute governing appeals in general should control, instead of the special statute relating to appeals upon proceedings to collect assessments.

Therefore Judge Wood and the writer respectfully dissent.