### DAVIS *v.* COOK.

### Opinion delivered November 20, 1922.

1. HIGHWAYS—APPEALS IN CASES INVOLVING VALIDITY OF DISTRICT.— Under Road Laws, 1919, vol. 1, p. 1219, § 22, requiring appeals in cases involving the validity of the road district created by that act or the asssessment of benefits to be taken and perfected in 30 days, an appeal from a decree dismissing a suit involving the validity of such district and of the assessment of benefits therein should have been perfected within 30 days, though the complaint attacked the constitutionality of the act.

2. APPEAL AND ERROR—TRIAL OF EQUITY CASES.—Equity cases are triable *de novo* in the Supreme Court.

3. APPEAL AND ERROR—APPEAL FROM PART OF DECREE.—A party in a chancery suit may. appeal from any distinct and severable part of the decree.

4. APPEAL AND ERROR—APPEAL FROM PART OF DECREE.—In an action attacking the validity of a road district and of assessments therein and seeking damages from the commissioners, the engineers and the contractors for waste, an appeal from the decree dismissing the suit, not perfected within 30 days as required by Road Laws 1919, vol. 1, p. 1205, § 22, but within 6 months, will be dismissed in so far as the appeal involves the validity of the act or of the assessments, but not as to the cause of action for waste.

Appeal from Little River Chancery Court; *James D. Shaver,* Chancellor; appeal dismissed in part.

Consolidated actions by F. K. Davis and others against D. A. Cook and others.

*Evans & Evans* and *W. P. Feazel,* for appellants.

*Jones & Head,* for appellees.

ON MOTION TO DISMISS APPEAL.

HART, J. The two cases embraced in this appeal were consolidated for the purpose of trial in the court below and were heard together. From a decree dis-

missing their complaint for want of equity, appellants have prosecuted an appeal to this court.

Appellees moved to dismiss the appeal on the ground that it was not brought within the time prescribed by the statute.

The Legislature of 1919 passed a special act to organize Road Improvement District No. 7 of Little River County. See Road Acts of Arkansas 1919, vol. 1, p. 1205.

Appellants are owners of real property within the proposed district and were the plaintiffs in the court below. Appellees are the commissioners of the district, the assessors of the district, the engineers of the district, and the contractors who were awarded the contract to construct the proposed road.

The complaint in each case is similar, and is very lengthy. For the purpose of this motion, it is not necessary to set out the complaints in detail, but their substance and the object of them may be briefly stated.

The complaints allege that the act creating the proposed road district is unconstitutional and that it violates the due process clause of the State and Federal Constitutions; that it is violative of the State Constitution in other respects; that the commissioners are attempting to build a number of subordinate roads, when by the terms of the act they only have the power to build the two principal roads named therein; that the assessment of benefits amounts to a confiscation of the real property of the taxpayers, and was made upon an arbitrary and discriminatory basis; that the commissioners of the district have made certain illegal and extravagant expenditures, which are specifically set forth, and which the act does not authorize them to make; that the contract for the engineering work was let at an exorbitant and extravagant price; and that the contract to construct the road was also let at an exorbitant and extravagant price. The plaintiffs also allege other matters involving the validity of the district which we do not deem necessary to set out.

The chancery court dismissed every paragraph of the complaints of the consolidated cases for want of equity.

Sec. 22 of the act reads as follows: "All cases involving the validity of this district, or the assessment of benefits, and all suits to foreclose the lien of taxes shall be deemed matters of public interest, and shall be advanced and disposed of at the earliest possible moment, and all appeals therefrom must be taken and perfected in thirty days." See Road Acts of 1919, vol. 1, p. 1205.

The appeal was not perfected within thirty days, and appellees have moved to dismiss it on that account.

A majority of the court is of the opinion that so much of the appeal as involves the validity of the district, or the assessment of benefits, should be dismissed because the appeal was not taken and perfected within the thirty days required by the act creating the district. In this respect they think the case is ruled by *Ferrell* v. *Massie,* 150 Ark. 156, and *Road Imp. Dists. 1, 2 and 3* v. *Crary,* 151 Ark. 484, and other cases of like character.

Judge WOOD and I think that the appeal was taken in time as to all the paragraphs of the complaints involving the constitutionality of the act. The reason is that if the act should be held unconstitutional in any respect, sec. 22, providing the time limit for appeals, would fall with the rest of the act. This holding of the majority eliminates from the appeal all the paragraphs of the complaints except those relating to the waste committed and suffered by the commissioners, by the engineers and by the contractors of the district.

It has been suggested that the appeal as to these matters should also be dismissed, and reliance is placed upon the principles announced in *Ferrell* v. *Massie,* 150 Ark. 156, to sustain this view.

A majority of the court is of the opinion that that case does not control here. There the suit was brought by the commissioners against the property owners to enforce the payment of assessments against their

property. The taxpayers sought to defeat the enforce-
ment of the assessments by a crossbill in which they
attacked the validity of the district and the assessment
of benefits. In that case the appeal was not taken within
the thirty days prescribed by the statute, and for that
reason the appeal was dismissed. The court said that
the purpose of the statute was to expedite suits to
enforce the collection of assessments, and that the char-
acter of the suit could not be changed by new matter
pleaded by way of cross-complaint. It will be noted that
in that case the taxpayers were the defendants and sought
to defeat the enforcement of the assessment against their
property by pleading certain matters involving the
validity of the district. As above stated, the majority of
the court think that that case rules here with regard to all
matters in the complaint involving the validity of the
district, or the assessment of benefits; but the para-
graphs of the complaint which seek to recover against
the commissioners, the engineers and contractors for
waste, constitute separate and distinct matters which
are not in any wise related to the matters involving the
validity of the districts or the assessment of benefits.
Therefore they do not come within the terms of the
statute limiting the right of appeal to thirty days, and
the action in this respect is governed by the general
statute of six months.

In this respect the case is more like *C. R. I. & P. Ry.
Co.* v. *Langley,* 78 Ark. 207. In that case it was held that
one against whom a judgment has been obtained has the
right to pay, or to offer to pay, so much thereof as he
concedes to be just, and to appeal from the residue of
the judgment. In that case the plaintiff sued for wages
due him and the statutory penalty for nonpayment
thereof. The court said that the penalty for nonpay-
ment of wages was a separate cause of action, and that,
under the reformed procedure, the defendant had a right
to appeal from that part of the judgment without sub-

jecting itself to further cost in litigating the amount of wages which it conceded to be justly due plaintiff.

As we have just seen, the suit for waste against the commissioners, the engineers, and the contractors is a separate and distinct cause of action and has no relation or interconnection with the other paragraphs of the complaint. Equity cases are triable *de novo* in this court, and there seems to be no good reason why a party in chancery may not appeal from a distinct and specified portion of the decree. The result of the appeal in a distinct branch of the case, if determined in favor of appellants, would be to modify the decree by correcting the part complained of, and this result could be obtained in this case as well as if the appeal had been perfected from the entire decree. As justice to both parties may be thus done on the appeal against the commissioners, the engineers, and contractors for waste, a majority of the court think that it should not be dismissed.

Suppose, for instance, that the plaintiffs in the court below should have been advised that subsequent to the filing of their complaint and the decision of the chancery court, all matters relating to the constitutionality of the act or its validity or as to the validity of the assessments had been settled by other cases determined by this court, then it would have been a vain and idle thing for them to have prosecuted an appeal to this court from a decision involving precisely the same questions. But they should not be cut out from appealing from so much of the decree as they believed to be wrong and which was entirely separate from the other issues decided adversely to them.

Again, suppose the issues relating to waste had been decided by the court below against the defendants, could it be said that their right to appeal was restricted to the thirty days prescribed by the statute because the plaintiffs had embraced in their bill matters coming under this section of the statute? We think not.

The allegations of the complaint against the commissioners, the engineers, and the contractors do not fall within the provisions of section 22 of the act creating the district, and, being severable therefrom, the appellants' right of appeal is not governed by it but is governed by the general statute regulating appeals in chancery cases, which is six months.

Therefore, the motion to dismiss the appeal will be granted as to all matters, except those relating to waste by the commissioners, the engineers, the contractors and others, and as to these matters the motion will be denied.

### DISSENTING OPINION.

McCULLOCH, C. J. I find no escape from the conclusion that the majority of the judges, in holding that appellants are not barred of their right of appeal from that portion of the decree which relates to waste, have disregarded the opinion of this court in the recent case of *Ferrell* v. *Massie*, 150 Ark. 156. In that case we held that the statute shortening the time for prosecuting appeals in certain cases was applicable, although other matters not covered by this statute were involved in the cause. The appellant in that case filed a cross-complaint and sought thereby to attack the validity of the statute and the proceedings thereunder, and they sought to appeal from the decree within the time prescribed by the general statutes, on the ground that they were entitled to the relief, and that that portion of the decree was not embraced within the statute governing short-time appeals. We held, however, in effect, that the time for appeals could not be split up, and that it was controlled by the statute shortening the time for appeal.

There is no provision in our statute for an appeal to this court from a portion of a judgment or decree. The statute only refers to appeals in general terms, and contains no provision for appeal from a portion of a judgment. Crawford & Moses' Digest, sec. 2130 *et seq.*

It is true that separate issues involved in a case may be abandoned, which, of course, eliminates them altogether from the cause and from the decree which determines the remaining issues. There is nothing in the present record to show an abandonment of any of the issues. An appellant may also abandon issues in this court by failing to present them. Nevertheless, the appeal brings up the whole case for review, and the issues cannot be brought separately nor by piecemeal.

I fail to see any analogy in this case and the decision in *C. R. I. & P. Ry. Co.* v. *Langley,* 78 Ark. 207, where the defendant, in an inferior court, paid off a separate portion of the judgment and appealed from the remainder of the judgment, which we held it had the right to do. Nor is there any importance in the fact that this court tries equity cases *de novo.* This does not, in my opinion, affect the question of right to appeal separately from a portion of a decree.

If, as suggested by the majority opinion, there had been a decree against appellees on the subject of waste and on that subject only, there could have been an appeal at any time within six months. That is true because such a decree, so far as appellees were concerned, would have eliminated every other issue in the case, and it would simply have been a question of appealing from that portion of the decree, and nothing else. In the present instance, however, there has been no abandonment of any issue in the case and no separation of the issues, and the case still stands as one involving the validity of the districts and the assessment of benefits.

I am of the opinion therefore that the right of appeal upon any issue of this case is controlled by the statute cited by the majority, and the appeal should be dismissed *in toto.*