WESTERN RANDOLPH COUNTY ROAD IMPROVEMENT DISTRICT *v.* FIRST NATIONAL BANK.

Opinion delivered June 25, 1923.

1. HIGHWAYS—PRESENTATION OF CLAIMS AGAINST DISTRICT—LIMITATION.—Under Special Acts of 1921, No. 208, approved March 2, 1921, providing that "within three months after the passage of this act all persons having claims against the (appellant) district shall present the same to the president or secretary of the board of commissioners thereof, and all claims not presented within that time shall be forever barred," *held* that the word "claims" embraced every species of legal demand, and that every claim not presented within the time specified was barred.

2. HIGHWAYS—PRESENTATION OF CLAIM AGAINST DISTRICT.—Where a certificate of indebtedness of a road improvement district had been assigned to a bank by the creditor, the act of 1921 required the assignee to present the claim within three months, and an action instituted by the creditor against the district did not inure to the benefit of such assignee.

3. HIGHWAYS—PRESENTATION OF CLAIM—WAIVER.— Under Special Acts of 1921, No. 208, requiring all persons having claims against defendant road improvement district to present same

within three months, such requirement is mandatory and can not be waived by the commissioners of the district consenting to a judgment against the district.

Appeal from Randolph Circuit Court; *E. G. Schoon-over,* special judge; reversed.

*Pope & Bowers,* for appellant.

The claim of appellee was included within the provisions of the act, and not being presented in time, was barred. 95 Ind. 228; 78 Ark. 392. No new promise or acknowlegment by appellant so as to remove the bar of the act. *Brown* v. *State Bank,* 10 Ark. 134; *Ringo* v. *Brooks,* 26 Ark. 540; 18 S. Dak. 454. The provision in the decree did not affect the certificate sued on, but only protected the certificates hypothecated. Hypothecated defined. 24 Ark. 27; Black's Law Dictionary. The listing of the claim did not remove the bar of the statute. 13 Gray (Mass.) 381; 10 Fed. Cas. No. 5, 354; 18 Abb. Pr. (N. Y.) 305; 10 Pa. St. 129; Ann. Cas. 1916-E 434; 133 S. W. 1095; 12 Ark. 763; 187 Pac. (Cal.) 454; 13 S. W. (Tex.) 269 is precisely in point. It was grounded on 112 U. S. 150; 61 N. Y. S. 689. The act 208 of 1921 limited the claims to be paid to those filed within three months after its passage. 116 Ky. 403. The court erred in giving judgment for more than rate specified in certificate, 6 per cent. C. & M. Digest, § 7361.

*John L. Bledsoe,* for appellee.

The certificate of indebtedness sued on was regularly issued to the General Construction Company for work done for appellant, was sold to appellee for a valuable consideration before maturity, and has never been paid. The claim was presented by the construction company within less than three months after passage of the act, and rejected. Suit was then filed in Federal court and decree agreed on, and claim was not barred. *W. U. Tel. Co.* v. *Jones,* 95 Ind. 228; Bouvier's Law Dictionary; 107 Iowa, 525; 143 N. Y. S. 241; 84 Neb. 86. Statute relative to unliquidated claims. If statute had run, the agreed decree removed the statute bar. 61 N. Y. S. 689

cited by appellant not applicable to facts herein. 136 N. Y. 403 states the rule in New York correctly. The acknowledgment was made to the construction company, an indorser on the certificate, and was sufficient. 26 Ark. 540; 10 Md. 50; 9 Mass. 488; 2 E. D. Smith (N. Y.) 112; 5 Wood N. Y., 257. Nothing in objection to call specific attention to the rate of interest. 167 S. W. 851.

*Pope & Bowers,* in reply.

A similar statue of limitations was construed in 154 Ark. 420. The statute herein is really a statute of nonclaim; 23 Ark. 604; 112 Ark. 15.

WOOD, J. This is an action by the appellee against the appellant. The appellee alleges that the appellant issued to the General Construction Company (hereafter called company) its certificate of indebtedness No. 26 for the sum of $1,000, bearing interest at the rate of six per cent. per annum; that the company was a contractor, and that the certificate of indebtedness was issued to it for work performed for the appellant; that the appellee purchased the certificate of indebtedness from the company on July 24, 1920; that the company indorsed said certificate and became liable as an indorser to the appellee; that, in an agreed decree in the District Court of the United States for the Eastern District of Arkansas, rendered at its November, 1921, term, in a case between the company and the appellant, the appellant expressly allowed and approved the certificate of indebtedness; that in compliance with act 208 of the Acts of 1921 the appellant, through its commissioners, made a report to the county court of Randolph County setting forth the claims allowed by the appellant, and the certificate of indebtedness which is the foundation of this action was expressly set forth in said report. This report was filed December 15, 1921. It prayed for a levy of a tax sufficient to take care of the indebtedness evidenced by this certificate and other indebtedness; that said report was approved by the county court on Dec. 15, 1921, and taxes were levied for the purpose of paying this cer-

tificate and other indebtedness; that any purport-
ed defenses are barred by the aforesaid acknowledg-
ments of the appellant. There was a prayer for judg-
ment for the sum of $1,157, principal and interest on
the certificate.

The appellant denied the material allegations of
the complaint, and set up act 208 of the Acts of 1921 as
a bar to the appellee's action, and alleged that the appel-
lee had not in any way complied with the provisions of
said act, and denied that it had acknowledged any in-
debtedness to the appellee. Appellant denied that the
appellee filed its claim with the district within ninety
days after the passage of act 208, and denied that the
appellee brought suit within the time allowed by law.
It alleged that the company claimed that it had hypo-
thecated certain certificates of indebtedness with certain
persons at the time the decree in the United States court
was taken; that it was stipulated that execution should
not issue on a certain portion of that decree until the
company took up the certificates of indebtedness which
it had hypothecated; that a large sum of money was de-
posited in the Pocahontas State Bank; that the fund
was held by the Pocahontas State Bank for the conven-
ience of persons to whom the company owed debts; that
the appellee claimed the company owed it between
$4,500 and $5,000, and claimed this amount out of the
deposit; that this sum was paid the appellee, and ap-
pellee had made no further request for further pay-
ment; that, after the appellee collected such sum, all
other funds on deposit with the Pocahontas State Bank
were withdrawn by the company; that the appellee did
not ask that the certificate sued on be paid until many
months after appellee had been paid all that it claimed
and many months after the company had withdrawn the
balance on deposit with the Pocahontas State Bank.

The undisputed facts are as follows: Appellant
road district was created by act 135 of the Acts of 1919.
After letting a contract and incurring considerable in-

debtedness, the work of improvement for which it was created was suspended by act 208 of the Special Acts of 1921. That act, among other things, provides as follows: "Within three months after the passage of this act all persons having claims against the district shall present the same to the president or secretary of the board of commissioners thereof, and all claims not presented within that time shall be forever barred." That act was approved March 2, 1921. The claim on which the appellee's cause of action is based was a certificate of indebtedness issued by the district on June 10, 1920, to the company, and was sold by the company to the appellee on July 24, 1920. On May 21, 1921, the company presented a claim against the district which was on that day rejected by the appellant. In this claim the company asserted that it still owned all the certificates that had been issued to it.

At the November term, 1921, of the United States District Court, sitting at Jonesboro, a judgment was rendered in favor of the company against the appellant. This judgment recited as follows: "Likewise, by consent, it is considered, ordered and adjudged that the plaintiff have and recover of and from defendant the further sum of $16,828.30, with interest thereon at the rate of six per cent. per annum from the 27th day of May, 1921, until paid, but no execution shall be issued on said sum of $16,828.30, or any steps be taken to enforce its collection, until the plaintiff shall deliver to the secretary of the Western Randolph County Road Improvement District the following certificates of indebtedness issued by the defendant to the plaintiff and hypothecated by the plaintiff to various parties, to-wit: (Certificate No. 26 for $1,000 is mentioned, together with others, and the judgment continues): "Jurisdiction is expressly retained over the judgment for said $16,828.30, not only for the purpose of executing and enforcing same but for the purpose of crediting thereon any payments which have been or may hereafter be paid to the

holders of any of the certificates described above as partial payments on same."

On December 15, 1921, the commissioners of appellant district filed a report and petition in the county court for a tax levy to support a bond issue. The report contained a tabulated statement of all certificates which the district had issued during its existence, giving their number. The appellee was not a party to any of these proceedings. When the funds were placed in the Pocahontas State Bank to pay the debts of the company, the company's note to the appellee, amounting to $5,000, was paid out of this fund. There had been deposited with the appellee, as collateral to the note of the company, certificates amounting to $5,700. The company's note to the appellee was paid by check on the Pocahontas State Bank, dated March 16, 1922. The appellee at that time surrendered all certificates of indebtedness which it held as collateral. It did not surrender the certificate on which this action is based, which is owned outright. The certificate on which this action is founded was first presented to the district on the 18th of August, 1922.

The above are the issues and facts upon which the trial court, by consent of parties sitting as a jury, rendered a judgment in favor of the appellee in the sum of $1,159.85, with interest from the date of the judgment, from which is this appeal.

In *Morgan Construction Company* v. *Pitts,* 154 Ark. 420, a road improvement district had been created by special statute, and, after incurring obligations, the act creating the district was repealed, and provision was made for the winding up of the affairs of the district and paying its obligations. The act provided "that all persons having claims against the district are required to present the same to the said receiver for adjudication within ninety days after the passage of this act." In that case we said: "The statute required, as before stated, the filing of all claims within ninety days. This is a reasonable provision, and the court was correct in

refusing to allow a claim not filed within the time specified. The statute does not authorize the allowance of any claim except those filed within the time allowed." That case, in principle, rules this. The statute under review here, as indicated by its title, was to provide for the payment of existing indebtedness which would include all claims against the district, disputed and undisputed. The word "claims," as used in this statute, embraced every species of legal demand. *W. U. Tel. Co.* v. *Jones,* 95 Ind. 228. The various provisions of the act, which it is unnecessary to set forth, show that it was the intention of the lawmakers to provide a method for the settlement of all the indebtedness of the appellant, and to require those to whom appellant was indebted to present their claims against the district which they desired to have paid, within three months after the passage of the act.

The testimony in the case shows that the appellant had issued a certificate of indebtedness amounting in the aggregate to $9,324.53. It was the intention to have all of these claims presented to the president and secretary of the appellant for allowance or rejection, and for the payment of those allowed, through the issuance of bonds and the levy of a tax for such purpose. It was essential, under the act, for the payment of any claim that it be presented to the president and secretary of the district for allowance within the time required, and the board was required to pass upon such claim within a month after presentation, and, if any of the claims thus presented were rejected, then the claimant could institute an action within ninety days after such rejection.

The provisions of the act show an expeditious plan for the payment of the obligations of the district. The provisions requiring presentation of the claim within ninety days is not to be likened unto a statute of limitation, but rather unto a statute of nonclaim. It was therefore not within the power of the commissioners of the district and the company to obviate the necessity of appel-

lee presenting its claim by having a judgment entered by consent in favor of the company against the appellant, in which certificates of indebtedness of the company, including the certificate upon which this action is based, were recognized as valid and outstanding claims. A presentation of a claim by the company to the appellant for allowance or rejection could not inure to the benefit of the appellee, for the reason that the company did not own the certificate. It was owned by the appellee. When the claim was presented by the company to the appellant, it rejected the claim, and the appellee did not institute any action within ninety days to establish its claim against the appellant, and the action instituted by the company against the appellant in the United States court could not redound to the benefit of the appellee under this statute.

The express language of this statute is that "all claims not presented within that time (three months) shall be forever barred." It occurs to us that this statute was intended to declare a right of claimants to recover on their claims by pursuing the terms of the statute or not at all. Therefore, as we have stated, it is not like a statute of limitation, and the claim of the appellee, being barred by a failure to comply with its terms, could not afterwards be revived by any promise on the part of the appellant, through its commissioners, to pay the same. After the claim was barred no act of theirs could waive the terms of the statute. See *Hill* v. *State,* 23 Ark. 604; *Rhodes* v. *Cannon,* 112 Ark. 15.

The judgment of the court is therefore erroneous, and the cause is reversed and remanded, with directions that judgment be entered in favor of the appellant, dismissing the appellee's complaint, and for costs.