Missouri Pacific Railroad Company *v.* Manson-O'Kean Road Improvement District.

Opinion delivered October 1, 1923.

Highways—assessment for preliminary expenses—time for appeal.—Under a special act creating a road improvement district and providing that "all cases involving the validity of this district or the assessment of benefits * * * shall be advanced, * * * and all appeals therefrom must be taken and perfected within thirty days," and also providing for the levy of a tax on all property of the district to pay preliminary expenses in case the improvement is not made, an appeal from an order making an assessment for paying preliminary expenses must be taken within 30 days.

Appeal from Randolph Chancery Court; *Lyman F. Reeder,* Chancellor; appeal dismissed.

*Thomas B. Pryor* and *Ponder & Gibson,* for appellant.

*Pope & Bowers,* for appellee.

McCulloch, C. J.   The road improvement district involved in this appeal was created by a special statute (act No. 133) enacted during the extraordinary session of the General Assembly in February, 1920, and authorized the construction and improvement of the highway in

Randolph County from Manson, on the St. Louis-San Francisco Railroad, to O'Kean, a point on appellant's line. The statute authorized the assessment and appraisal of benefits and the levy of assessments thereon to raise funds to pay for the construction of the improvement. There are two sections of the statute bearing on the present controversy, which read as follows:

"Section 22. All cases involving the validity of this district, or the assessment of benefits, and all suits to foreclose the lien for taxes shall be deemed matters of public interest, and shall be advanced and disposed of at the earliest possible moment, and all appeals therefrom must be taken and perfected within thirty days.

"Section 23. In case, for any reason, the improvement contemplated by this district is not made, the preliminary expenses shall be a first lien upon all property in the district, and shall be paid by a levy of tax thereon upon the assessed value for county and State taxation, which levy shall be made by the chancery court of Randolph County, and shall be collected by the receiver to be appointed by said court."

Certain preliminary expenses were incurred in causing surveys to be made, and other things, but the commissioners decided that the improvement could not be made, and abandoned the project altogether, whereupon an action was instituted in the chancery court of Randolph County by creditors of the district for an adjudication of the amounts of their claims and a levy of an assessment, in accordance with the statute, to pay the debts incurred for preliminary expenses. There was a final decree in that action adjudicating the validity and amounts of the claims of the creditors, and the court also appointed a receiver and made a levy of one and eight-tenths per centum "upon the assessed value of all real property in the district, including railroads." That decree was rendered on April 7, 1922, and no appeal was prosecuted therefrom. On November 28, 1922, appellant instituted an independent action in the Ran-

dolph Chancery Court attacking the validity of the assessments levied on the property of the company, setting forth several grounds for invalidating the assessment. The cause was heard on December 15, 1922, and a decree was rendered dismissing appellant's complaint for want of equity.

The transcript was not filed in this court until April 23, 1923, and counsel for appellees, by motion to dismiss the appeal, invoke the provision of § 22 of the act creating the district, which provides that appeals in cases "involving the validity of this district, or the assessment of benefits * * * must be taken and perfected within thirty days."

We are of the opinion that the motion is well founded, that the statute quoted above governs in this proceeding, and that the appeal was not perfected within time to become available for a review in this court. We have in several cases upheld the provisions of similar statutes. The cases on that subject are cited in the recent case of *Davis* v. *Cook,* 155 Ark. 613.

The statute in question applies to cases involving the validity of any assessment of benefits, whether those to be made for the construction of the improvement or those made under the statute for the payment of preliminary expenses in case of abandonment of the district. The manifest purpose of the framers of the statute was to require expedition in all suits involving the question of validity of any assessment made, either for construction purposes or for the payment of preliminary expenses. There is no reason why the lawmakers could not make the provision applicable to both kinds of assessments, and the language of the statute is open to the interpretation that attacks on either kind of assessments must be prosecuted within the time specified.

The appeal not having been prosecuted within the time required, it follows that it must be dismissed, and it is so ordered.