ROAD IMPROVEMENT DISTRICT No. 4. v. BURKETT.

Opinion delivered December 22, 1924.

1. HIGHWAYS—ACT BARRING CLAIMS AGAINST DISTRICT.—The provision in Special Acts 1923, p. 1143, § 2, repealing the act creating a highway improvement district, which barred all claims against the district not presented within six months thereafter, was reasonable; the word "claim" embracing every species of legal demand.

2. HIGHWAYS—PRESENTATION OF CLAIM.—Under Special Acts 1923, p. 1143, § 2, barring claims against a dissolved road improvement district unless presented within six months from the approval of the act, the institution of a suit against the district within six months thereafter and continued prosecution thereof to judgment was a sufficient presentation of the claim on which the suit was founded.

3. JUDGMENT—CONCLUSIVENESS.—A decree against a road improvement district is not open to collateral attack upon the ground that the claim on which the judgment was based was not presented to the commissioners within six months from the approval of the act, as it was the duty of the commissioners in the former suit to interpose all defenses which they had.

Appeal from Johnson Chancery Court; *W. E. Atkinson,* Judge; affirmed.

*Jesse Reynolds* and *G. O. Patterson,* for appellant.

Among other things it is admitted by the demurrer that appellee did not file his claim with the commissioners

in the time and in the manner provided by the act, No. 533, Acts 1923, p. 1143, § 2. This right of action is therefore barred. The statute in question is one of non-claim, and not a statute of limitation. The limitation on the presentation of claims is not unreasonable. 78 Ark. 392; 154 Ark. 420; 158 Ark. 578. It is not possible for a claim barred by the statute of nonclaims to be revived. For distinction between a statute of limitation and a statute of nonclaim, see 23 Ark. 604; 112 Ark. 15.

*J. N. Saye,* for appellees.

This suit had been instituted and was pending at the time the act, No. 533, of 1923, was passed by the Legislature and approved by the Governor. Following that approval, the case went to judgment in favor of appellee in the chancery court, was appealed to the Supreme Court, where it was affirmed in April, 1924. At no time prior to rendition of judgment did the district interpose as a defense that appellee had not presented his claim to the commissioners. The latter had in fact rejected his claim in 1921, before appellee brought his suit, and, both before and after the passage of the act, the claim was treated by all parties as having been rejected by the commissioners. Appellants' contention is frivolous. The law does not require the doing of a vain and useless thing. 36 Ark. 483. The judgment rendered in this case could be attacked only in a direct proceeding to vacate such judgment in the manner and for the cause or causes prescribed by the statute, C. & M. Digest, §§ 6290, 6292. The defense of nonclaim now sought to be interposed is *res judicata,* since it was appellants' duty to interpose that defense as well as all other defenses, both legal and equitable, in the original suit. 135 Ark. 47; 80 Ark. 309; 77 Ark. 194; 79 Ark. 194; 70 Ark. 203. The demurrer properly raised this question. 141 Ark. 453. This court's decision in *McIlroy* v. *Baird,* 157 Ark. 268, is decisive of the question here.

HART, J. On the 2d day of August, 1924, appellants instituted an action in the chancery court against appel-

lees to enjoin them from attempting to collect a decree against them.

According to the allegations of the complaint, Road Improvement District No. 4 of Johnson County, Arkansas, was created by a special act of the Legislature at its special session in 1920. On the 23d day of February, 1920, the road commissioners named in the act entered into a contract with the Hight-Burkett Engineering Company as engineers for said district, and said engineers, after making a preliminary survey, duly filed their plans and specifications with the commissioners, as provided by the contract. The road district abandoned the improvement on account of the high cost of construction.

On the 9th day of June, 1923, Carl C. Burkett, who had succeeded to all the rights of the Hight-Burkett Engineering Company, brought suit against the road district for the sum of $7,825.77 for making a preliminary survey of the road to be improved.

By an act approved March 21, 1923, the act creating said improvement district was repealed. Special Acts of 1923, p. 1143.

Section 2 of the act provides that all claims against said district must be presented to the commissioners thereof, duly verified as required by law in actions of account, and, if not presented within six months from this date, they shall be forever barred.

Section 3 provides that, if the commissioners reject any claim presented to them, the holder thereof shall be barred unless he shall, within sixty days after notice of the rejection thereof, proceed to enforce the same by suit.

Burkett did not file his claim with the commissioners, but proceeded with his suit in the chancery court against them, and recovered judgment on the 8th day of December, 1923.

The commissioners appealed to the Supreme Court, and the decree of the chancery court was affirmed on April 14, 1924. *Road Improvement District No. 4* v. *Burkett,* 163 Ark. 578.

The chancellor sustained a demurrer to the complaint of appellants, and, appellants refusing to plead further, their complaint was dismissed for want of equity.

The commissioners have duly prosecuted an appeal to this court.

It will be seen that the repealing act referred to in our statement of facts requires all claims to be presented to the commissioners within six months from the date of the approval of the act, which was March 21, 1923, and that the claim in question was not presented to the commissioners. Statutes of this kind have been sustained as reasonable, and the word "claim" has been construed to embrace every species of legal demand. *Western Randolph County Road Improvement District* v. *First National Bank,* 159 Ark. 578. Therefore we think that there should be an actual presentation of the claim within the time prescribed, or something done by the claimant equivalent to it. The bringing of a suit on the claim against the commissioners is, under the circumstances of this case, equivalent to an actual presentation.

The suit by the engineers against the road improvement district to recover for preliminary expenses was brought before the repealing act was passed. The commissioners refused to pay the claim, and the suit was prosecuted until a recovery was had in the chancery court in December, 1923. The commissioners continued to fight the claim, and appealed to the Supreme Court. The decree of the chancellor was affirmed in April, 1924.

Thus it will be seen that the road commissioners were informed of the nature of the demand of the engineers and that the latter were insisting upon its payment. They could not be more effectually advised of both these facts if the claim had been formally presented to them and payment demanded. Therefore there was, to all intents and purposes, a compliance with the statute.

We are of the opinion that the commencement of the suit by the engineers against the district within the statutory period and its continued prosecution operated

as a presentment of the claim on which the suit was founded. This is in accord with our holding in the case of *McIlroy* v. *Baird,* 157 Ark. 288. In that case it was held that, where all the parties have treated a claim against a defunct road improvement district as if it had been rejected by the commissioners, it is too late, after judgment, to raise the question that it had not been passed on by the commissioners, and rejected by them.

Moreover, there is a presumption in favor of the validity of the decree in the chancery suit of the engineers against the road improvement district to recover their fee for making a preliminary survey, which must prevail in a collateral attack on the decree. When the suit was brought by the engineers against the district to recover their fee, it was the duty of the commissioners to interpose all defenses, both legal and equitable, which they might have to the suit, and this included the defense that the claim had not been filed with them within the time prescribed by statute. *Livingston* v. *New England Mortgage Security Co.,* 77 Ark. 379, and *Taylor* v. *King,* 135 Ark. 43.

It follows that the decree will be affirmed.