## LANDERS *v.* MURPHY.

### Opinion delivered June 29, 1925.

CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.—
Acts 1925, No. 73, creating the office of county supervisor, *held* not void as impairing the obligation of the contract of the county superintendent with the county board of education, under Acts 1919, p. 177, and Acts 1921 p. 532, whether his position as superintendent was a public office, which the Legislature could abolish or one of employment, since the obligation thereof would not be impaired by creating a new office or employment.

Appeal from Poinsett Chancery Court; *J. M. Futrell,* Chancellor; reversed.

*M. P. Watkins* and *Gautney & Dudley,* for appellant.

*T. T. Mardis, J. Brinkerhoff* and *L. A. McLin,* for appellee.

McCULLOCH, C. J. Appellee is county superintendent of schools in Poinsett County, under selection and contract pursuant to the statutes of the State providing for the management and control of public schools. Act No. 234, 1919, p. 177; Act No. 503, 1921, p. 532. He instituted this action against the election officials of Poinsett County to enjoin them from proceeding to hold an election for the office of county supervisor, created by a statute enacted by the General Assembly of 1925. Act No. 73 of the session of 1925, approved Feb. 14, 1925. The

period of appellee's contract has not expired, and his contention is that the statute is void, first, because it is in conflict with amendment No. 12 prohibiting the Legislature from enacting local legislation; and second, on the ground that it impairs the obligation of his contract with the County Board of Education.

There is a controversy between the parties as to whether or not the statute assailed in the case is a local statute within the meaning of amendment No. 12, but we have decided today, in the case of *McAdams* v. *Henley, ante* p. 97, that amendment No. 12 was not legally adopted, hence all questions affecting the validity of the present statute, so far as it is controlled by amendment No. 12, are eliminated from the case. We have, therefore, only to deal with the other questions—whether or not the statute is void for the reason that it impairs the obligation of a contract, and whether the election of appellee to the position of county superintendent under general statutes constitutes him a public officer or merely an employee under contract.

The statute cannot be held to be invalid, for, if the position held by appellee was a public office, the Legislature could abolish it, and, if it was a contract of employment, the obligation thereof was not impaired by creating a new office or employment. *Caldwell* v. *Donaghey,* 108 Ark. 60; *Morgan Construction Co.* v. *Pitts,* 154 Ark. 420; *Hayes* v. *Port of Seattle,* 251 U. S. 233. In any event, appellee's remedies, if any, for breach of contract are not impaired by the enactment of this statute.

The decree is therefore reversed with directions to dismiss the complaint.

WOOD and HUMPHREYS, JJ., dissent.