APPALACHIAN ELECTRIC POWER COMPANY *v.* THE COUNTY COURT OF KANAWHA COUNTY

(CC 528)

Submitted April 17, 1935. Decided May 28, 1935.

*Campbell, McClintic & James,* for plaintiff.
*Dale G. Casto* and *Robt. H. C. Kay,* for defendant.

LITZ, PRESIDENT:

This is an action by the Appalachian Electric Power Company, a public service corporation, against the county court of Kanawha County to recover charges for electricity furnished by plaintiff to light the Patrick Street Bridge, connecting the cities of Charleston and South Charleston over state highway routes Nos. 2 and 13 and U. S. highway routes Nos. 21 and 60.

April 13, 1930, the county court and the power company entered into a written contract whereby the court agreed to purchase of the power company, during a period of ten years, electricity to light the bridge, which was then a part of a county-district road of Kanawha County; the company agreeing to furnish, without charge, a part of the lighting equipment.

By section 2, article 4, chapter 40 (Acts First Extraordinary Session, 1933), the Legislature transferred to the state road commission all county-district roads, and the further

construction and maintenance thereof, as a part of the state road system. Section 1, article 10 of said chapter requires the county court of each county to relinquish to the state road commission its authority over county-district roads. As a result of this legislation, the defendant county court, by letter dated August 25, 1934, advised plaintiff that it would not pay any charges for electricity under the contract after September 1st, following.

The trial judge sustained a demurrer to a special plea, setting up the statute as a bar to the action, and certified his ruling to this court for review under section 2, article 5, chapter 58, Code 1931. It is the theory of the demurrer that the statute violates section 4, Article III of the State Constitution and section 10, Article I of the Federal Constitution, forbidding state legislation impairing the obligation of contracts.

Plaintiff contends that its rights under the contract have been impaired by the statute, transferring jurisdiction of the bridge from a county agency, compellable by mandamus to levy taxes for the charges accruing under the agreement, to a state agency without authority to levy taxes and not subject to suit. If the county court had authority to contract for the lighting of the bridge for ten years (which we do not decide), the state road commission, with equal authority, may be required by mandamus to assume the obligations imposed upon it by the statute. "The performance by public officials of a plain statutory duty, not involving the exercise of discretion or judgment on their part, may be enforced by the writ of mandamus." *Draper* v. *Anderson,* 102 W. Va. 633, 135 S. E. 837. Plaintiff entered into the contract cognizant of authority in the road commission, under section 20, chapter 43, Code 1923, at any time, to "take over and assume charge of" the bridge, and of the further authority in the legislature to transfer to the road commission all county-district roads, and the construction and maintenance thereof, as part of the state road system.

In *Richmond County Gas Light Co.* v. *Town of Middletown,* 1 Thomp. & C. (N. Y.) 433, it was held that the gas light company could not enforce a five-year contract to furnish gas to the town entered into by the parties pursuant to

legislative authority, subsequently withdrawn, upon the theory that the right of the legislature to repeal the Act authorizing the town to contract for lighting could not be surrendered. In its opinion the court said: ''The law permitting the town * * * to contract should not be held to give a power which virtually deprived the legislature of the power of repeal, and of further legislation over the same subject. If the contract could be made for five years and be binding, it could be for a much longer period. * * * The legislature intended no such result.'' In *Morgan Const. Co.* v. *Pitts,* 154 Ark. 420, 242 S. W. 812, it was held: ''A statute abolishing a statutory road improvement district before performance of an executory contract for construction of an improvement and making reasonable provision for the discharge of all contract obligations *held* not invalid as impairing the obligation of the contract, though it constitutes a breach thereof.''

The ruling of the circuit court is reversed and the case remanded.

*Reversed and remanded.*