### CRANDELL v. HARRISON.

#### Opinion delivered September 30, 1912.

APPEAL AND ERROR—LOCAL ASSESSMENTS—TIME FOR APPEALING.—
Under Kirby's Digest, § 5542, providing that abutting property owners may be required to construct sidewalks, and that if the owner refuse to do so the same may be done by the city and a lien declared in favor of the city, the same to be enforced by "suits in equity to be brought in the manner and under the terms now provided by law for the foreclosure of property by improvement districts so far as applicable," and *Id.*, § § 5706, 5709, providing that in foreclosure suits by improvement districts the transcript on appeal shall be filed in the Supreme Court within twenty days after the decree was rendered, *held*, that an appeal from decree enforcing a lien in favor of a city for the construction of a sidewalk will be dismissed where the transcript is not filed in the Supreme Court within twenty days after the decree appealed from was rendered.

Appeal from Boone Chancery Court; *T. Haden Humphreys,* Chancellor; appeal dismissed.

*J. W. Story,* for appellant.

*Pace & Pace,* for appellee.

McCULLOCH, C. J. This is an action instituted by the city of Harrison against appellant to enforce a lien in favor of the city for the cost of constructing a sidewalk in front of appellant's property, which he had refused, upon notice, to construct. A decree was rendered in favor of the city, and an appeal was taken to this court, but the transcript was not filed

here until nearly sixty days after rendition of the decree. The statute provides that if the property owner fails or refuses, after notice, to construct a sidewalk, the same may be done by the city at the owner's cost, and a lien shall be declared in favor of the city, the same to be enforced by "suits in equity to be brought in the manner and under the terms now provided by law for the foreclosure of property by improvement districts, so far as applicable." Kirby's Digest, § 5542. The statute regulating foreclosure suits by improvement districts provides that on appeal to this court the "transcript shall be filed in the office of the clerk of the Supreme Court within twenty days after the rendering of the decree appealed from," and that "no appeal shall be prosecuted from any decree after the expiration of the twenty days herein granted for filing the transcript in the clerk's office of the Supreme Court." Kirby's Digest, §§ 5706 and 5709. It is manifest from the language of the statute that the Legislature meant to provide a method of procedure in suits like this the same as in improvement district suits and to place the same restrictions thereon with reference to appeals as well as all other steps taken in the litigation. This being true, it follows that the appeal has not been prosecuted by filing transcript within the time prescribed by the statute, and, as no excuse is given for the delay, the question whether this court has the power to extend the time for cause does not arise. The appeal is therefore dismissed.