COVINGTON *v.* SHACKLEFORD, *et al.*

5-213, 5-214, 5-215, 5-216 and 5-217     259 S. W. 2d 676

Opinion delivered June 29, 1953.

*Earl J. Lane* and *Q. Byrum Hurst,* for appellants.

*Julian Glover,* for appellee.

GRIFFIN SMITH, Chief Justice. Appellants are citizens and taxpayers of Garland county. Five townships are involved: Farmer, Sulphur, Bain, Mill, and Lee. Petitions asking that local option elections be held in each township were duly filed and by the county court found to be sufficient. Appeals were concurrently taken to circuit court where findings of the county court were upheld May 16, 1943, thus paving the way for a public expression by the electorate. Motions for new trials were overruled May 20th, with ten days for bills of exceptions. On May 28th the appellants were given an additional 30 days. Appeals were lodged here June 12th.

Section 48-804, Ark. Stat's, regulates appeals from county to circuit court, and from circuit court to the Supreme Court. . . . "Any appeal from the final decision of the circuit court shall be taken within ten days, and shall be advanced and immediately determined by the Supreme Court."

In oral argument appellants conceded that the appeals were not taken within ten days. It is insisted, however, that the short statutory period is unreasonable and is an infringement on due process of law.

In a sense the question was decided in 1944, *Van Gundy* v. *Caudle, County Judge*, 206 Ark. 781, 177 S. W. 2d 240. The phase of Initiated Act No. 1 of 1942 (see Ark. Stat's, § 48-804) relating to appeals from county to circuit court was discussed. The ten-day limitation was held valid, although the precise time element was not the main issue. A summary of that decision is that an appeal from a county court order from a local option (liquor) election, taken more than ten days after the judgment became final, was too late, and this was true notwithstanding the subsequent filing of a motion to set aside the order, since the motion would neither interrupt nor toll the time allowed for appeal.

A period of twenty days for property owners to protest assessments in drainage districts does not violate due process because of the restrictive period. *Taylor* v. *Board of Commissioners of Cache River Drainage Dis-*

*trict No. 2,* 156 Ark. 226, 245 S. W. 491. See, also, *St. Louis, Iron Mountain & Southern Railway Company* v. *Maple Slough Drainage District,* 138 Ark. 131, 211 S. W. 168. A road district was involved in *Vietz* v. *Hazen, Lagrue and Slovak Road Improvement District,* 139 Ark. 567, 214 S. W. 50. The 20-day limitation period was upheld.

The record does not disclose any extraordinary circumstance or event—sometimes spoken of as a procedural casualty—that would take the case out of the general rule heretofore sanctioned, hence the appeals must be dismissed because filed out of time. A per curiam order to this effect was made June 22d, with the notation that an opinion would follow.