K. C. S. RAILWAY Co. *v*. ARK. COMMERCE COMMISSION.

5-1814 and 1815                                326 S. W. 2d 805

Opinion delivered May 25, 1959.

[Rehearing denied September 7, 1959]

No briefs filed for appellant.

No briefs filed for appellee.

ED. F. McFADDIN, Associate Justice.  These two cases involve the valuation assessments against the appellant as made by the State tax assessment authorities under the provisions of § 84-601 *et seq*. Ark. Stats. and amendments.  Appellees claim that the appeals were not filed within the time allowed, so appellant is met with a motion to dismiss the appeal in each case.  We have reached the conclusion that the motions to dismiss must be sustained.  Here are the crucial dates in each case:

*Case No. 1814* involves the tax assessment against appellant for the year 1955.  On August 29, 1955 the Tax Division of the Arkansas Public Service Commission notified appellant that the equalized assessed value of its property in Arkansas for 1955 had been fixed by the Com-

mission at $3,913,000.00. Appellant protested the assessment, and the Public Service Commission, by its order of December 9, 1955, adjusted the assessed valuation of appellant's properties to be $3,881,900.00. Appellant, being still dissatisfied with the valuation as fixed, appealed to the Pulaski Circuit Court on January 4, 1956. By its judgment made and entered on May 14, 1958, the Pulaski Circuit Court affirmed the order of the Public Service Commission and the Circuit Court judgment also recited: ''That two newly created agencies, the Arkansas Commerce Commission and the Arkansas Assessment Coordination Department, have entered their appearances, adopting and supporting the position of the Arkansas Public Service Commission.''[1]

On June 10, 1958 appellant filed in the Circuit Court its notice of appeal to the Arkansas Supreme Court, and the appeal was perfected in this Court by the filing of the transcript on December 11, 1958. Thus a total of six months and twenty-seven days elapsed from the entry of the Circuit Court judgment on May 14, 1958 until the filing of the appeal in this Court. Appellant seeks to justify this delay by stating that the notice of appeal was given in the Circuit Court on June 10, 1958, and that on September 3, 1958 the Circuit Court entered an order extending to December 15, 1958 the time for filing the appeal in the Circuit Court. All this will be discussed later under the topic, ''Motion To Dismiss''.

*Case No. 1815* involves the tax assessment valuation against the appellant for the year 1956. On June 29, 1956 the Tax Division of the Arkansas Public Service Commission notified appellant that the equalized assessed value of appellant's property in Arkansas for 1956 had

---

[1] During the pendency of this litigation the Legislature, by Act No. 234 of 1957, created the Assessment Coordination Department; and by Act No. 132 of 1957 created the Arkansas Commerce Commission. Both the Commerce Commission and the Arkansas Assessment Coordination Department became parties to the record in the Circuit Court. By Act No. 245 of 1959, the Legislature abolished the Assessment Coordination Department and created the "Department of Assessment Coordination of the Arkansas Public Service Commission". This latter Act is mentioned for convenient reference. It recites that it is not effective until July 1, 1959.

been fixed by the Commission at $4,396,000.00. Appellant protested the assessment, and the Public Service Commission, by the order of January 15, 1957, affirmed the valuation at the figure of $4,396,000.00. Appellant appealed to the Pulaski Circuit Court on January 24, 1957: and that Court, by its judgment made and entered on June 3, 1958, affirmed the order of the Public Service Commission; and that judgment also recites: "The Arkansas Commerce Commission and the Arkansas Assessment Coordination Department have entered their appearances, adopting and supporting the position of the Arkansas Public Service Commission.[2]

On July 1, 1958 appellant filed in the Pulaski Circuit Court the notice of appeal to the Arkansas Supreme Court; and the appeal was perfected in this Court by the filing of the transcript on December 11, 1958. Thus, a period of six months and eight days elapsed from the entry of the Circuit Court judgment on June 3, 1958 until the filing of the transcript in this Court. Appellant seeks to justify this delay by the fact that on September 18, 1958, the Pulaski Circuit Court entered an order extending the time for filing and docketing the appeal in this Court to January 15, 1958. This will be discussed in the topic heading, "Motion To Dismiss", now to be considered.

## MOTION TO DISMISS

The question, presented by the motions to dismiss, is whether the procedure for appeal in cases like these two is regulated and controlled by § 73-133 *et seq.* Ark. Stats., as claimed by appellees, or by Act No. 555 of 1953, as claimed by appellant. We conclude that the appellees are correct. The rule has been recognized in many cases that when the Legislature fixes a short time for appeal in a particular type of case, and such time so fixed is reasonable, then the short time so fixed must govern rather than the long time allowed by the general

---

[2] See footnote ([1]) *supra.*

appeal statute.[3] *Crandell* v. *City of Harrison,* 105 Ark. 110, 150 S. W. 560; *McIlroy* v. *Baird,* 157 Ark. 288, 248 S. W. 1; *Covington* v. *Shackleford,* 222 Ark. 374, 259 S. W. 2d 676.

In the two cases here before us, the applicable statute governing appeals from the Circuit Court to the Supreme Court,[4] in cases like these two, is § 73-134 Ark. Stats. This statute was originally Pope's Digest § 2020, and reads in part: ''The record shall be lodged in the office of the Clerk of the Supreme Court within sixty days from the rendition of the order in the Circuit Court . . .'' In *Graysonia, Nashville & Ashdown R. Co.* v. *Arkansas Corporation Commission,* 202 Ark. 589, 151 S. W. 2d 665, the question here involved was definitely decided. There, the Commission had fixed the railroad's assessment and the appeal had been made to the Circuit Court. The Circuit Court judgment was October 22, 1940; and the appeal was not filed in this Court until March 24, 1951. Citing Pope's Digest § 2020, we held: ''Since the appeal was not perfected in a timely manner, the motion to dismiss must be sustained.''

In the present cases, the appellant, thinking that its appeals were regulated by Act. No. 555 of 1953, obtained orders in the Circuit Court purporting to extend the time for lodging the record in the Supreme Court. But when the statute fixes a time for appeal, and the time is reasonable, such statute is mandatory (*Miller* v. *White,* 108

---

[3] C. R. Stevenson was our long time Clerk of this Court; and in his book, "Supreme Court Procedures", revised in 1956, he lists on page 7 thereof the appeal time fixed for certain types of cases. Among those so listed, Mr. Stevenson recites: "Public Service Commission: record shall be lodged in the Supreme Court within sixty days of the rendition of the order in the Circuit Court. Ark. Stats. § 73-134, § 73-236." *Acme Brick Co.* v. *Ark. Public Service Comm.,* 227 Ark. 436, 299 S.W. 2d 208, involved an appeal in a *rate hearing.* That type of appeal is governed by § 73-236, which also allows only sixty days to appeal from the Circuit Court to the Supreme Court.

[4] Section 84-120 Ark. Stats. involves appeals from the Public Service Commission ". . . respecting the assessment or equalization of property . . .", but concerns only the appeal from the Commission to the *Circuit Court;* so the quoted language from § 73-134 Ark. Stats. is the applicable section here on appeals from the Circuit Court to the Supreme Court.

Ark. 253, 157 S. W. 934) ; and the Circuit Court could not enlarge the time fixed in the statute.

Therefore, the appellee's motions to dismiss the appeals are granted.