James D. McCARTHER *v.* Kenneth D. GREEN

CA 94-372                                        895 S.W.2d 562

Court of Appeals of Arkansas
Division II
Opinion delivered March 29, 1995

*James Allen Brown*, for appellant.

*O. Jerome Green*, for appellee.

JOHN B. ROBBINS, Judge. This is an appeal from a judgment of the Pulaski County Chancery Court which ordered the appellant James McCarther to specifically perform an agreement to indemnify the appellee Kenneth Green. Because an identical action between these same parties was pending in circuit court when this action was filed, the order of the chancery court must be reversed.

On August 14, 1992, appellee filed a complaint in the Pulaski County Chancery Court, requesting that appellant be compelled to specifically perform a settlement agreement in which appellant agreed to indemnify appellee for certain tax liability and to collateralize his agreement of indemnity. The case was later transferred to the circuit court on appellee's request, who claimed that his action was actually only at law and did not invoke the need for equity jurisdiction. The case was tried before a jury in circuit court on May 12, 1993.

In chambers prior to the beginning of the May 12 trial, a special judge, sitting in place of the circuit judge, questioned whether the remedy appellee was seeking was specific performance or money damages. Appellee's counsel replied that "[w]e're trying the case for money damages." The case then proceeded to trial before a jury. After the appellee, plaintiff below, rested his case, appellant moved for a directed verdict, claiming that appellee had not shown that he had incurred any damages for which he could be indemnified. The court then asked appellee if he wished to proceed with the trial and have the trial court decide the directed verdict, and appellee answered affirmatively. The court then granted appellant's motion, stating:

> The Court is going to grant the motion for directed verdict. It is my opinion that there has been no proof of actual damage sustained by the [appellee], which would support a claim by the [appellee] for indemnity. The claim that's being advanced, as I read the pleadings and based upon the representations of counsel and the evidence adduced, basically, started out as a specific performance claim, came to this Court on a motion to transfer, and while there has been some testimony about tax liability, it essentially is still a specific performance claim.

In response to appellee's question regarding whether the court's ruling was "without prejudice," the court responded:

> No. That would be with prejudice. I mean, I'm not sure what you mean by that, but the entry of the directed verdict will conclude the case. . . .
>
> The court is going to enter the directed verdict on the basis that the action is brought prematurely by the [appellee]

> because the [appellee] does not have a cause of action at this time for indemnity because no sums have been paid. That will leave a legal issue as to whether the case could be refiled.
>
> But it is specifically my ruling that the claim of the [appellee] is premature and cannot be advanced on the evidence that's been adduced in this court as an indemnity claim at this time in that there's no proof of actual damages.

Other than announcing this ruling in chambers, no orders were ever entered by the circuit court.[1]

Nevertheless, on the same day that the circuit court trial was held and the circuit judge orally granted appellant a directed verdict, the appellee filed virtually the identical lawsuit against appellant in chancery court, again contending that he was entitled to specific performance of the indemnity agreement. The following day, appellee moved to have this suit transferred to First Division Chancery Court. In his motion, appellee stated:

> On May 12, 1993, the Circuit Court ruled that this case belongs in Chancery Court based upon the pleadings and dismissed the case as premature for an action seeking a judgment of damages because the Plaintiff has not yet actually paid any money to state or federal taxing authorities out of his own pocket.
>
> Because this case was originally assigned to First Division Chancery, it should be returned to that Court for litigation.

Despite appellee's statement in this motion, there is no order from the circuit court which transferred appellee's first lawsuit back to chancery court. Nor is there anything in the transcript of the circuit court trial indicating that the circuit court considered transferring the case back to chancery court. Moreover, there is no certificate of service on this motion showing that appellee served it on appellant or his attorney. In his brief, appellant states

---

[1]We need not address an apparent conflict between Ark. Code Ann. § 16-65-121 (Supp. 1993) and Ark. R. Civ. P. 58 because while the trial court's ruling was on the record it was not rendered in open court.

that he had no knowledge of this motion or the order transferring it to the First Division until he received the record for purposes of this appeal.

On June 1, 1993, appellant filed his answer to appellee's May 12, 1993, complaint. In his answer, he affirmatively alleged that the identical lawsuit had been filed by appellee on August 14, 1992; that it was later moved to circuit court; and that, on May 12, 1993, a jury trial was held and the matter was concluded by a directed verdict. Appellant then claimed appellee's second complaint is barred by *res judicata* and should be dismissed and sought sanctions under Rule 11 of the Arkansas Rules of Civil Procedure. Attached to appellant's answer was a file-marked copy of the first complaint filed by appellee on August 14, 1992.

A hearing was held on appellee's second complaint on June 6, 1993. At that time, Chancery Judge Gray asked whether an order had been entered in the circuit court proceeding. Appellant's counsel explained that he had drafted a precedent and presented it to the court; appellee's attorney stated that he had objected to the form. The chancellor then stated:

> The Court has considered the issue of whether res judicata applies to the issues before this Court at this time and I have reviewed the transcript and also I have reviewed in detail the decision of the special judge — . . . . And this Court specifically finds that Circuit Court addressed whether there was an indemnification contract and found that the contract was an indemnification contract and also whether the lawsuit was ripe, the issues were ripe, and addressed those two issues but didn't address any other issues in its decision. So, the other issues that the [appellee] has before this Court are not barred by res judicata.

A second hearing was held on October 6, 1993, at which time the chancellor heard witnesses in regards to the merits of appellee's second case. Afterwards, in chambers, appellee argued that appellant's defense of *res judicata* was not applicable because no final judgment had ever been entered by the circuit court. Appellant again attempted to reassert his argument that the circuit court retained jurisdiction of appellee's cause of action until it entered a final order. The chancellor then asked whether an order had been entered by the circuit court to transfer the case

to chancery court, and appellant responded "no," that a new complaint was filed.

On November 10, 1993, the chancellor entered an order, finding that appellant had breached the contract for indemnification, that appellant be required to deposit $255,000.00 to collateralize the indemnity agreement, and that appellee be awarded his costs and attorney's fees in an amount to be set by the court. On December 9, appellant filed his notice of appeal.

Appellant raises three points on appeal: (1) the trial court erred in failing to find that the doctrine of *res judicata* estopped the plaintiff from bringing this action; (2) the trial court erred in failing to find that the First Division Chancery Court of Pulaski County, Arkansas, did not have jurisdiction in this matter; and (3) the trial court erred in finding that there had been a breach of contract.

■ Where there is concurrent jurisdiction, the court which first acquires jurisdiction may, as a rule, retain it. *Titan Oil & Gas, Inc.* v. *Shipley*, 257 Ark. 278, 291, 517 S.W.2d 210 (1974). In *Moore* v. *Price*, 189 Ark. 117, 70 S.W.2d 563 (1934), the supreme court stated:

> The rule is stated in Corpus Juris as follows: "Where two actions between the same parties on the same subject and to test the same rights are brought in different courts having concurrent jurisdiction, the court which first acquires jurisdiction, its power being adequate to the administration of complete justice, retains its jurisdiction and may dispose of the whole controversy, and no court of co-ordinate power is at liberty to interfere with its action. This rule rests upon comity and the necessity of avoiding conflict in the execution of judgments by independent courts, and is a necessary one because any other rule would unavoidably lead to perpetual collision and be productive of most calamitous results." 15 C.J. 1134.

> Bailey on Jurisdiction, page 61, states: "In the distribution of powers among courts it frequently happens that jurisdiction of the same subject-matter is given to different courts. Conflict and confusion would inevitably result unless some rule was adopted to prevent or avoid it. There-

fore it has been wisely and uniformly determined that whichever court, of those having such jurisdiction, first obtains jurisdiction, or, as is sometimes said, possession of the cause, will retain it throughout to the exclusion of another." The same rule is announced in "Courts and Their Jurisdiction" by Works, pages 68 and 69.

*Id.* at 121-22. In *Askew* v. *Murdock Acceptance Corp.*, 225 Ark. 68, 279 S.W.2d 557 (1955), the supreme court discussed in detail the necessity of comity between the courts and of avoiding conflict in the execution of judgments between independent courts.

■ When a case is brought in a court of competent jurisdiction, the authority and control of that court over the case continues until the matter is disposed of in the appellate court. *Vaughan* v. *Hill*, 154 Ark. 528, 532, 242 S.W. 826 (1922). *See also Jones* v. *Garratt*, 199 Ark. 735, 739-40, 135 S.W.2d 859 (1940); *Wright* v. *LeCroy*, 184 Ark. 837, 841, 44 S.W.2d 355 (1931); *Cotton* v. *Cotton*, 3 Ark. App. 158, 161-62, 623 S.W.2d 540 (1981). See also *Doss* v. *Taylor*, 244 Ark. 252, 424 S.W.2d 541 (1968), where the supreme court held that, where the probate court had first assumed jurisdiction for the sale of real estate and distribution of the proceeds, it was error for the chancery court to assume jurisdiction and reversed and remanded the decision of the chancery court with directions to remit the parties to their remedies in probate court. *Id.* at 259.

■ In the case at bar, an order disposing of the case had never been entered by the circuit court. Therefore, appellee's cause of action was still pending in circuit court, and may yet be as far as we know, and it was error for the chancery court not to have dismissed appellee's second complaint.

Because the case must be reversed on this issue, we do not address the other two points appellant has raised on appeal.

Reversed and dismissed.

JENNINGS, C.J., and MAYFIELD, J., agree.