CITIZENS FOR A SAFER CARROLL COUNTY *v.*
Billy Jean EPLEY, Linda Bristow, Susie Hutchinson,
Klaus Kupfersberger, Bruce J. Matthews, Jeff Crockett
and Quicker Liquor, Inc., Eric Wade Greer,
Margaret Work, Virginia Ellis, and Jack Harp

99-151 991 S.W.2d 562

Supreme Court of Arkansas
Opinion delivered June 10, 1999

*Billy J. Allred,* for appellant.

*Marshall N. Carlisle* and *James D. Sprott,* for appellees.

R AY THORNTON, Justice. Appellants Citizens for a Safer Carroll County are an organization of concerned citizens and church groups that circulated petitions for a vote on the sale and manufacture of intoxicating liquors in certain townships in Carroll County. They bring this appeal from the Carroll County Circuit Court's decision that certain signatures of persons

on their petitions were invalid under Ark. Code Ann. § 3-8-205 (Supp. 1997), with the result that in five precincts there were insufficient signatures on the petitions to place the issue on the ballot for the November 1998 general election. Having determined that appellants failed to timely file their notice of appeal within ten days of the decision of the circuit court, as required by Ark. Code Ann. § 3-8-205(e)(1), we dismiss their appeal.

On September 10, 1998, Shirley Doss, Carroll County Clerk, certified that petitions had been filed in her office having a sufficient number of signatures calling for a local-option election on whether alcoholic beverages could be sold in thirteen precincts in Carroll County. Appellees Billy Jean Epley, Linda Bristow, Susie Hutchinson, Klaus Kupfersberger, Bruce J. Matthews, Jeff Crockett and Quicker Liquor, Inc., Eric Wade Greer, Margaret Work, Virginia Ellis, and Jack Harp filed a complaint in Carroll County Circuit Court against the county clerk and the Board of Election Commissioners of Carroll County, challenging the sufficiency of the number of signatures. Appellants, who were responsible for the petitions, were allowed to intervene in the suit. On October 6, 1998, a trial was held and five precincts were struck from the ballot. The trial court found that signatures of persons who had registered to vote after June 1, 1998, were invalid and struck them from the petitions, leaving insufficient numbers of signatures on the petitions at issue in those five precincts. The trial court's order was dated October 15, 1998. The local-option issue did not appear on the ballots in those five precincts in the general election held on November 10, 1998. Appellants filed their notice of appeal on November 12, 1998, urging that the circuit court erred in ruling that Arkansas law required that only those qualified electors who had registered to vote before June 1, 1998, could be counted to determine whether a sufficient number of signatures had been certified to place the issue on the ballot, and requesting that we reverse the trial court and order the Board of Election Commissions of Carroll County to place the issue on the ballot for a special election.

We decline to reach the merits of this appeal because appellants failed to timely file their notice of appeal. While the general appeal time as provided in our own rules, Rule 4(a) of the

Rules of Appellate Procedure—Civil, is thirty (30) days, Arkansas Code Annotated section 3-8-205, which provides for the determination of sufficiency of petitions on local option issues, states that if an appeal is taken from the decision of the circuit court regarding the sufficiency of the number of signatures on a petition, "Any appeal from the final decision of the circuit court shall be taken within ten (10) days and shall be advanced and immediately determined by the Supreme Court." Ark. Code Ann. § 3-8-205(e)(1) (Supp. 1997).

■ Appellants respond that the court rule and our rule-making power supersedes the statute's shorter appeal time, and we agree that as a general rule, statutes are given deference only to the extent to which they are compatible with our rules and conflicts which compromise those rules are resolved with our rules remaining supreme. *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). However, there is an exception to this general rule: when the statutory rule is based upon a fixed public policy which has been legislatively or constitutionally adopted and has as its basis something other than court administration. *Curtis v. State*, 301 Ark. 208, 783 S.W.2d 47 (1990). The principle has been recognized in many cases that when the Legislature fixes a short time for appeal in a particular type of case, and such time so fixed is reasonable, then the short time so fixed must govern rather than the long time allowed by the general appeal statute. *Kansas City S. Ry. Co. v. Ark. Commerce Comm'n.*, 230 Ark. 663, 326 S.W.2d 805 (1959). *See also Van Grundy v. Caudle*, 206 Ark. 781, 177 S.W.2d 740 (1944); *Garrett v. Andrews*, 294 Ark. 160, 741 S.W.2d 257 (1987)(upholding limited time of appeal from county court to circuit court under prior law).

■ ■ We note that the trial court expedited the hearing and its decision in accordance with the time limits established by the statute. The Legislature has adopted a shorter appeal time based upon the strong public policy in favor of resolution of such an issue prior to the time for the general election, and indeed, if appellants had filed their appeal within ten days, it is possible that this case could have been advanced and immediately determined by this court, prior to the general election in November. Rather, appellants did not file their notice of appeal until November 12, 1998, twenty-eight days after the hearing, eighteen days after the

time for filing their appeal under the local option statute, and two days after the general election was held on November 10, 1998. Because appellants failed to appeal from the trial court's order within ten days as required by Ark. Code Ann. § 3-8-205, we conclude that their appeal was untimely and dismiss this appeal.

Dismissed.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. I agree with the opinion and write to encourage our Committee on Civil Practice to consider an amendment to Rule 4(a) of our Rules of Appellate Procedure—Civil making reference to Ark. Code Ann. § 3-8-205(e)(1) (Supp. 1997), as an exception to this rule.