Sam WEEMS *v.* Bill GARTH, Robert Kreimeyer, and
Graham Mullen, as Members of the Prairie County
Election Commission, and David Duch

99-10                                                      993 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered July 15, 1999

*Mike Everett,* for appellant.

*Keith G. Rhodes,* for appellees Bill Garth, Robert Kreimeyer, and Graham Mullen, as Members of the Prairie County Election Commission.

*Dover & Dixon, P.A.,* by: *Gary B. Rogers,* for appellee David Duch.

ROBERT L. BROWN, Justice. This is an appeal brought by appellant Sam Weems from a judgment in favor of the appellees, who are members of the Prairie County Election Commission and David Duch. Because the appeal was not filed in a timely manner as required by Ark. Code Ann. § 7-5-810 (Supp. 1997), we dismiss the appeal.

Sam Weems and David Duch were opposing candidates for mayor of Hazen in the Democratic Primary Election held on May

19, 1998. The election was initially certified by the Election Commission as a tie on May 22, 1998. On May 26, 1998, an absentee ballot was received in the mail from James Taylor, a registered voter in Prairie County. Taylor, according to Prairie County Clerk Karen Tate, was a member of the United States military stationed in Germany. The envelope containing the ballot appeared to confirm military service overseas. Tate informed the Election Commission of the absentee ballot, and both candidates were notified. On the date the ballot was received, it was opened in front of the two candidates and counted. The ballot was not challenged prior to opening. The vote was for Duch. At a hearing before the Election Commission on the matter, Weems orally challenged the legitimacy of Taylor's ballot because it failed to comply with statutory requirements in our Election Code. The Election Commission, however, revoked its earlier certification of the vote and certified Duch as the winner on May 29, 1998.

Weems sued the members of the Election Commission and Duch in circuit court. In his complaint, he challenged the election result and contended: (1) the Taylor ballot failed to comply with Ark. Code Ann. § 7-5-406 (Supp. 1997) (which allows for use of a federal postcard ballot for overseas military), (2) the Election Commission's rescission of its initial certification was invalid, and (3) two other absentee ballots were disputed, which are not relevant to this appeal.

The Election Commission moved to dismiss the complaint under Ark. R. Civ. P. 12(b)(6), because Election Commission members were not proper party defendants and the complaint failed to state grounds for relief. The matter was tried in a bench trial before the circuit court, and following the trial, the circuit court made these findings: (1) Ark. Code Ann. § 7-5-406 is not the exclusive means for overseas military to vote absentee; rather it is one way to make voting more attractive; (2) § 7-5-406 applies to unregistered voters and not to registered voters like Taylor; (3) Ark. Code Ann. § 7-5-411(a)(1) (Supp. 1997) (the general absentee ballot statute for overseas electors) gave Taylor, as an overseas voter, additional time to send his ballot in; (4) § 7-5-411's

requirement of "signed and dated" refers to the affidavit required by Ark. Code Ann. § 7-5-409 (Supp. 1997) and not to the ballot itself; and (5) the initial certification and revocation of that certification was, if anything, a ministerial error that did not void Taylor's vote.

An order dismissing Weems's complaint was entered by the circuit court on September 21, 1998. We treat the order of dismissal as a judgment following the bench trial. On October 8, 1998, Weems filed his notice of appeal.

■ We first must entertain the question of whether jurisdiction appropriately vests in this court for the appeal. Timely filing of a notice of appeal is jurisdictional, and we are required to raise the issue of subject-matter jurisdiction on our own motion. *See Williams v. Hudson*, 320 Ark. 635, 898 S.W.2d 465 (1995); *Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995).

We turn then to Ark. Code Ann. § 7-5-810 (Supp. 1997), which provides a time limit for appeals of judgments relating to election contests:

> An appeal to contest the determination of *any election in any court of this state* must be filed within seven (7) calendar days of the final certification of the election result *as announced by a court as authorized by this subchapter*, except in instances where the Constitution establishes a time frame for filing an appeal. (Emphasis added.)

In this same subchapter of the Election Code, the General Assembly has set out the procedure for trials of election contests and their appeals:

> (a) The election contest shall be tried by the circuit judge in open court without a jury.

> (b) An appeal may be taken from the judgment. However, the appeal shall not operate as a supersedeas by judicial order or otherwise and the judgment of the circuit court shall, until reversed, be obeyed by officeholders, political committees and their officers, and all election officials. It shall be the duty of the Supreme Court to advance the hearing of any such appeal.

Ark. Code Ann. § 7-5-804(a) & (b) (Supp. 1997).

■ We view the judgment of the circuit court entered on September 21, 1998, as the "final certification of the election result as announced by a court." Accordingly, any notice of appeal was required to be filed within seven days of that judgment. Here, that was not done. The public policy behind this election law is clear and obvious. Disputes related to elections must be resolved quickly in order that public offices may be filled and the people served. Prolonged appeals run counter to that policy. Under this subchapter, not only is the window of time for notices of appeal abbreviated, but it is the duty of this court to advance such matters on our appellate docket.

■ At oral argument, counsel for Weems posited that the general time frame for appeals as set out in our Rules of Appellate Procedure—Civil is thirty days and that this rule trumps any legislative act that conflicts with it. *See* Ark. R. App. P.—Civ. 4(a). While our rules of procedure do supersede conflicting legislative acts, we have deferred to the General Assembly in setting time for appeals when the statutory rule is based on a fixed public policy which has been legislatively or constitutionally adopted and has as its basis something other than court administration. *See Citizens for a Safer Carroll County v. Epley*, 338 Ark. 61, 991 S.W.2d 562 (1999); *Curtis v. State*, 301 Ark. 208, 783 S.W.2d 47 (1990). Recently, we dismissed an appeal from a decision in a wet-dry election which failed to comply with a truncated time frame in which to appeal. *See Citizens for a Safer Carroll County v. Epley, supra.* The same principle applies to the instant case.

■ Appeal dismissed.