PIKE AVENUE DEVELOPMENT CO. *v.* PULASKI
COUNTY, Arkansas; Floyd G. Villines, III,
Pulaski County Judge; and B.A. "Mac"
McIntosh, Pulaski County Assessor

00-948                                          37 S.W.3d 177

Supreme Court of Arkansas
Opinion delivered January 18, 2001
[Petition for rehearing denied February 15, 2001.]

*Hankins, Hicks, & Blagg*, by: *Stuart W. Hankins* and *A. Vaughn Hankins*, for appellant.

*Karla M. Burnett, Amanda Mankin, & Karen M. McDonald*, Pulaski County Attorney's Office, for appellees.

TOM GLAZE, Justice. Appellant Pike Avenue Development Co., Inc. (Pike Avenue), owns a shopping center in North Little Rock. The property was revalued in the summer of 1999, and Pike Avenue challenged the Pulaski County Assessor's increased reassessment and the Pulaski County Board of Equalization's approval of the increase in valuation of the property by appealing to the Pulaski County Court. In an order dated December 21, 1999, the county judge established Pike Avenue's property evaluation at a 232% increase over the previous assessed value. On January 19, 2000, Pike Avenue filed a complaint and affidavit with the Pulaski County Circuit Court requesting the circuit court "to hear its appeal *de novo*." Michael Fendley, President of Pike Ave-

nue, averred in an accompanying affidavit that the purpose of the complaint was to challenge the assessor's revaluation and to appeal the county judge's December 21, 1999, order. Significantly, Pike Avenue did not refile its complaint, along with the record of the court proceeding, until February 29, 2000, or forty-one days after the county judge's order.

The assessor and county judge moved to dismiss Pike Avenue's appeal, asserting, among other things, that Pike Avenue had failed to perfect an appeal within the time and manner required by Inferior Court Rule 9. Pike Avenue responded, stating that Ark. Code Ann § 16-67-201 (1987), rather than Inferior Court Rule 9, governed the appeal, and that Pike Avenue complied with § 16-67-201 and the statutory requirement that allows an aggrieved party to file an appeal in circuit court within six months after a county court's order is rendered. The circuit court rejected Pike Avenue's argument, and dismissed its appeal from the county judge's order, because the appeal was not perfected within the thirty-day period provided under Rule 9. We accepted jurisdiction of Pike Avenue's appeal from the circuit court decision, since it includes the first impression issue of whether Inferior Court Rule 9 supersedes § 16-67-201.

A conflict unquestionably exists between Rule 9 and § 16-67-201. Under Rule 9, the appellant must file the record of the inferior court proceeding with the circuit court clerk within thirty days from the date of entry of the order or judgment; however, under § 16-67-201, an appellant must file an affidavit and prayer for appeal with the circuit clerk within six months after the judgment or order is rendered. In a situation where a conflict arises between rules established by this court and legislation enacted by the General Assembly, this court has adopted the general rule that, to protect what it holds inviolate, it defers to the General Assembly in such conflicts only to the extent that the conflicting court rules' primary purposes and effectiveness are not compromised; otherwise, the rules remain supreme. *See Price v. Price,* 341 Ark. 311, 16 S.W.3d 248 (2000); *Citizens for a Safer Carroll County v. Epley,* 338 Ark. 61, 991 S.W.2d 562 (1999) (as a general rule, statutes are given deference only to the extent to which they are compatible with our rules, and conflicts which compromise those rules are resolved with our rules remaining supreme). Our court further held that an exception to the general rule exists when the General Assembly's

statutory rule is based upon a fixed public policy that has been legislatively or constitutionally adopted and has as its basis something other than court administration. *Id.*

■ Confronted with the clear conflict between Rule 9 and § 16-67-201, the trial judge could find no perceivable public policy reason for the General Assembly to provide a six-month period to appeal from a county court order; thus, he concluded Rule 9 governed Pike Avenue's appeal and superseded all portions of § 16-67-201 to the contrary. We agree.

■ Pike Avenue points out that its right to appeal from county court to circuit court is constitutionally protected under Ark. Const. art. 7, § 33, but it advances no reason as to why such an appeal under § 16-67-201 should require six months rather than the general thirty-day period provided by Rule 9.[1] Like the trial court, we are unaware of why appeals from county court decisions involving property assessment adjustments should require a longer period of time to appeal than any other inferior court decision.

Pike Avenue also argues that, while the Inferior Court Rules govern all civil actions in inferior courts, as do the Arkansas Rules of Civil Procedure where applicable, such rules are inapplicable because Pike Avenue's action was a "special proceeding." It submits that, under Rule 81(a) of the Arkansas Rules of Civil Procedure, the rules are cognizable in the circuit, chancery, and probate courts, *except* in those instances where a statute which creates a right, remedy, or proceeding provides a different procedure, in which event the procedure so specified shall apply. (Emphasis added.) Pike Avenue further urges that, because the right it pursues is constitutionally and statutorily provided and does not involve a common-law right, its action is a special proceeding governed by § 16-67-201.

■ The short answer to this argument is that our court rules simply do not recognize property adjustment actions pursued under Ark. Code Ann. § 26-27-317 (Repl. 1997) (under which Pike

---

[1] *Weems v. Garth*, 338 Ark. 437, 993 S.W.2d 926 (1999), is an example of a case in which the public policy was obvious. That case involved a statutory seven-day limit to appeal an election contest. We held that the statute, rather than our rules, governed, because disputes related to elections must be resolved quickly in order that public offices may be filled and the people served. Prolonged appeals run counter to that policy.

Avenue initially challenged its property revaluation), or appeals from county court orders to circuit court under Ark. Code Ann. § 26-27-318 (Repl. 1997), to be special proceedings. It is true that, at one time, our court considered actions brought in a county court to be "in the nature of special proceedings"; however, in 1997, the court retreated from that idea by amending Rule 1 of the Inferior Court Rules to delete that language which previously excepted county court actions from the rules. *See In the Matter of Changes to the Rules of Civil Procedure, Rules of Appellate Procedure—Civil, Inferior Court Rules, and Arkansas Rules of Evidence,* 326 Ark Appx. 1106, 1137 (1996); *see also* Addition to Reporter's Notes, 1997 Amendment, Inferior Ct. R. 1 (2000). Thus, by the terms of Rule 1 of the Inferior Court Rules, such rules now govern the procedure in all civil actions in the inferior courts (including county courts) of this state.[2] The court's amendment of Rule 1 reflects that the appeal procedure in a county court action has court administration as its basis, as do those civil actions in and appeals from other inferior courts. *See Price,* 341 Ark at 316, 16 S.W.3d at 251; *Cf. Weiss v. Johnson,* 331 Ark. 409, 961 S.W.2d 28 (1998) (rules apply to a proceeding unless a statute, which creates a right, specifically provides a different procedure).

▉▉ Finally, Pike Avenue argues that, even if the terms of Inferior Ct. R. 9 apply to its appeal to circuit court, it complied with the Rule's requirement because its president, Michael Fendley, included a prayer for an appeal in his affidavit and complaint which were timely filed. Relying on some cases decided prior to the adoption of this court's Inferior Court Rules, *Gibson v. Davis,* 199 Ark. 456, 134 S.W.2d 15 (1939), and *Tuggle v. Tribble,* 173 Ark. 392, 292 S.W.1020 (1927), Pike Avenue argues that, even if its affidavit praying for appeal was improper in form or substance, but was filed timely, it could later amend the affidavit to correct it. Such arguments are unavailing. In *Pace v. Castleberry,* 68 Ark. App. 342, 7 S.W.3d 347 (1999), the court of appeals held that the thirty-day appeal requirement of Rule 9 is "both mandatory and jurisdictional," and the failure to either file the record with the clerk or file

---

[2] We note that, although Pike Avenue spends considerable time suggesting the Arkansas Rules of Procedure apply to this case, those rules apply only when the Inferior Court Rules do not cover a situation. *See* Inferior Ct. R. 10. Because Inferior Ct R. 9 provides procedural guidelines for filing an appeal from an inferior court to circuit court, and the Rules of Civil Procedure do not, the Inferior Court Rules govern.

an affidavit showing that the record has been requested from the clerk within those thirty days "precludes the circuit court from having jurisdiction over the appeal." *Pace*, 68 Ark. App. at 344-45, 7 S.W.3d at 348-349 (citing *Lineberry v. State*, 322 Ark. 84, 907 S.W.2d 705 (1995), and *Bd. of Zoning Adjustment v. Cheek*, 328 Ark. 18, 942 S.W.2d 821 (1997)). The *Pace* court was correct. In the instant case, neither the record nor a proper affidavit was filed within the thirty-day period; therefore, the circuit court correctly dismissed Pike Avenue's appeal.