The Honorable John Threet Prosecuting Attorney Fourth Judicial District Washington County Courthouse North College, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
I am writing in response to your request for an opinion on four questions involving property tax assessment hearings before county boards of equalization. Specifically, you pose the following four questions:
 1. If a taxpayer misses his hearing before the Board of Equalization that is set pursuant to A.C.A. § 26-27-314 [sic 26-27-317] does the taxpayer have the right to have the Board of Equalization reset the hearing for another date?
 2. If not, or if the Board of Equalization refuses to set the matter, does the tax payer still have the right to appeal to the County Court pursuant to A.C.A. § 26-27-218 [sic 26-27-318]?
 3. There is a clause in A.C.A. § 26-27-218 [sic 26-27-318] which states that a tax payer may appeal to the County Court if he or she had no opportunity to appear before the Board of Equalization; If it is the tax payer's fault that he did not appear before the Board, does he still have the right to appeal?
 4. If a tax payer misses his County Court hearing, does he have the right, regardless of fault, to have said hearing reset? *Page 2 
RESPONSE
In my opinion the answer to your first question is "no," the answer to your second and third questions is "yes," and the answer to your fourth question is "no."
Question 1 — If a taxpayer misses his hearing before the Board ofEqualization that is set pursuant to A.C.A. § 26-27-314 [sic 26-27-317]does the taxpayer have the right to have the Board of Equalization resetthe hearing for another date? In my opinion the answer to this question is "no." Your question presumably has reference to A.C.A. § 26-27-317
(Supp. 2007), which provides as follows:
 (a) Any property owner or an agent of a property owner may apply in person, by petition, or by letter to the secretary of the county equalization board on or before the third Monday in August of every year for the adjustment of the county assessor's assessment on the property owner's property or the property of another person.
 (b)(1) A property owner or an agent of the property owner may personally appear before the county equalization board or pursue the appeal by supplying written documentation as to the adjustment desired.
 (2) The property owner or an agent of the property owner shall notify the secretary of the county equalization board, who shall schedule a hearing, and, if practicable, the hearing shall be held at the convenience of the property owner.
 (c)(1) The county equalization board shall begin hearing appeals no later than the second Monday in August.
 (2) On at least one (1) day each week, appeals shall be heard after normal business hours to accommodate working property owners.
 (d)(1) The county equalization board shall decide the merits of an adjustment of assessment application and notify the property *Page 3 owner of its decision in writing at least ten (10) business days after the hearing.
 (2) The county equalization board's notification shall include:
 (A) The county equalization board's decision;
 (B) The right of the property owner to appeal the county equalization board's decision to the county court; and
 (C) The deadline for petitioning the county court for a hearing.
(Emphasis added).
It has been stated that: "Under the federal constitution the property owner is entitled at some point to notice and an opportunity to beheard on the fairness of his assessment, as compared with the assessment of other property. . ." Dierks Forests v. Shell, Assessor, 240 Ark. 966,970, 403 S.W.2d 83 (1966) (emphasis added), citing McGregor v.Hogan, 263 U.S. 234 (1923); and Londoner v. Denver, 210 U.S. 373
(1908)). It has been held that "[o]ur law complies with the Constitution by affording the landowner the necessary opportunity for judicial review." Id. at 970. The taxpayer, in the facts you relate, has been afforded the "opportunity" for a hearing, but did not avail himself of that opportunity.
The statute above does not address any procedure for rescheduling a hearing when the taxpayer does not attend. The statute allows the property owner to submit written documentation in lieu of appearing personally, or if a personal appearance is desired, the statute requires the scheduling of hearings at the convenience of the property owner, if practicable. The statute does not contemplate the property owner's failure to attend, or grant the taxpayer any "right" to have the hearing rescheduled, should he fail to appear.[1]
Finally, to the extent a property owner missed his hearing before the Equalization Board, that fact does not, in my opinion, obviate his right to appeal to the County *Page 4 
Court. See discussion below, in response to Question 2. Thus, any constitutional right to judicial review and an opportunity to be heard is in any event preserved. See, e.g., Jones v. Crouch, 231 Ark. 720,332 S.W.2d 238 (1960) (failure of taxpayer to successfully schedule a hearing before the equalization board after the filing of a petition does not result in taking his property without due process where an appeal may be taken to the County Court within ten days of the notice of the Board's action or inaction).
Question 2 — If not, or if the Board of Equalization refuses to setthe matter, does the tax payer still have the right to appeal to theCounty Court pursuant to A.C.A. § 26-27-218 [sic 26-27-318]?
In my opinion the answer to your second question is "yes," in light of A.C.A. §§ 26-27-317; -318; and the decision in Jones v. Crouch,supra.
The right to appeal the decision of a county board of equalization to the county court is granted at A.C.A. § 26-27-318(a) (Supp. 2007), subsections (a) through (c)(1) of which provide as follows:
 (a)(1) The county assessor or any property owner who may feel aggrieved at the action of the county equalization board may appeal from the action of the county equalization board to the county court by filing a petition of appeal with the clerk of the county court.
 (2) The clerk of the county court shall summon the members of the county equalization board and issue such process as the county assessor, the county equalization board, or the county judge may request for witnesses and evidence of the amount and value of the property.
 (b) No appeal to the county court shall be taken except by those who have first exhausted their remedy before the county equalization board, except for all cases in which the petitioner shall have had no opportunity to appear before the county equalization board. *Page 5 
 (c)(1) An appeal must be filed on or before the second Monday in October of each year and shall have preference over all matters before the county court and shall be heard and an order made on or before the fifteenth day of November.
(Emphasis added).
As an initial matter, subsection (a) of this statute does not premise the right to appeal upon the holding of a hearing before the board of equalization, or the property owner's attendance at that hearing, but instead on the "action" of the board. Under subsection (a), persons "aggrieved" at the actions of the board may pursue an appeal. In this regard, A.C.A. § 26-27-317(d)(1), discussed earlier, requires the county equalization board to "decide the merits of an adjustment of assessment application" and notify the property owner of its decision in writing. . . ." This is ordinarily the "action" of the board that is appealed to county court. It is at least somewhat unclear, however, whether the board is still required to issue its decision where the property owner files the required petition, or otherwise requests an adjustment, but does not appear at a scheduled hearing. The language of the statute uses mandatory language, however, stating that the board "shall" decide the merits of an application. This language may thus require a decision of the board even where the taxpayer does not show up for the hearing. If such decision is rendered and the applicable notice is sent, in my opinion the taxpayer may appeal to the county court within the applicable time frame when he receives the written notice of the board's decision despite the fact that no hearing was held or that the taxpayer did not appear at the hearing.[2] If the board instead takes no action on the taxpayer's application after his failure to appear, in my opinion the taxpayer nonetheless has the right to appeal the board's inaction in this regard. Both conclusions are supported by the decision in Jones v. Crouch, supra, which concluded that such hearings are not mandatory and that an appeal may be taken despite the failure to hold or secure a hearing. Id.[3] *Page 6 
In Jones v. Crouch, taxpayers filed a petition with the board of equalization to reduce their assessment and made several attempts to schedule a hearing with the equalization board. When the taxpayers were finally given the opportunity for a hearing, they were unable to attend on the offered date (the next day), which was in any event after the legally prescribed time for the board to act. The taxpayers thereafter filed suit directly in chancery court to enjoin the assessment of the taxes. Although the chancery court enjoined collection of the taxes, the Arkansas Supreme Court reversed and held that the proper procedure was to first appeal to the County Court. The taxpayers argued that they received no notice of any action from the equalization board, that no action was in fact taken by the board, and that there was thus nothing from which to appeal. The court held, however, that the taxpayers "knew they were not obtaining any relief" and that "with this certain knowledge, it only remained for them to appeal to county court." The court stated that the "Board's action — or inaction — did not preclude appellees from pursuing their statutory remedy for a hearing [before the county court]." The court reasoned that if the petition was deemed denied, the taxpayers had exhausted their remedy before the equalization board for purposes of what is now A.C.A. § 26-27-318(b) and therefore had a right to appeal to county court. If, on the other hand, the facts were interpreted as affording them no opportunity to appear before the board, they nonetheless had a right to appeal under the exception to the "exhaustion" requirement of that same provision.
The facts of Jones v. Crouch are somewhat distinct from the facts you present. In Jones, the taxpayer sought a hearing, was given the opportunity for one the next day, but could not appear at that time. Your question involves a taxpayer who schedules a hearing but then fails to appear. For purposes of the "exhaustion" requirement of A.C.A. §26-27-318(b), however, each taxpayer was afforded the opportunity to appear before the board but did not. The decision in Jones v.Crouch indicates that a taxpayer may nonetheless "exhaust" his remedy before the board of equalization for purposes of A.C.A. § 26-27-318(b) where he is afforded an opportunity for a hearing but does not appear. The petition, in that regard (if no written decision is issued), is deemed denied. Thus, although A.C.A. § 26-27-318(b) makes an exception to the exhaustion requirement for petitioners who "have had no opportunity to appear before the . . . board," this does not necessarily mean that persons who have had such opportunity, but have not availed themselves of it, have not exhausted their remedy before the board. *Page 7 
In my opinion, therefore, where a taxpayer files the required petition with the county board of equalization under A.C.A. § 26-27-317(a), but then fails to attend a scheduled hearing, he nonetheless has the right to appeal to the county court under the decision in Jones v.Crouch. If the board issues a written decision despite the non-appearance of the taxpayer, he may appeal that decision to the county court. Where the board takes no action in the matter after the taxpayer's non-appearance, the petition is "deemed denied" and the taxpayer may appeal that inaction.
Question 3 — There is a clause in A.C.A. § 26-27-218 [sic 26-27-318]which states that a tax payer may appeal to the County Court if he orshe had no opportunity to appear before the Board of Equalization; If itis the tax payer's fault that he did not appear before the Board, doeshe still have the right to appeal?
In my opinion the answer to this question is "yes" for the reasons discussed above.
Question 4 — If a tax payer misses his County Court hearing, does hehave the right, regardless of fault, to have said hearing reset?
In my opinion the answer to this question is "no."
As noted above, A.C.A. § 26-27-318 governs the procedure for an appeal of the county board of equalization's action to the county court. The statute prevents the county court from acquiring any jurisdiction of the appeal unless notice of the appeal is published in the newspaper or posted in accordance with the statute. A.C.A. § 26-27-318(f) (Supp. 2007). Subsection (e) provides that "Upon an appeal, any property owner in the county may appear and be heard in support of or in opposition to the appeal." Persons other than the property owner in question may thus be interested in the appeal and may also appear at the hearing. In addition, the prosecuting attorney is required, upon request of certain persons, to represent the county and the state in such appeals.Id. at subsection (g). Your question is whether the taxpayer, if he misses this scheduled hearing before the county court, has a right "regardless of fault" to have the hearing rescheduled. In my opinion the answer is "no."
As an initial matter, the applicable statute, A.C.A. § 26-27-318, does not provide for the rescheduling of a county court hearing where the taxpayer "misses" it. In *Page 8 
conducting such hearings, however, the county judge is governed by the "Arkansas District Court Rules" promulgated by the Arkansas Supreme Court. See District Court Rule 1 (stating that the rules shall govern the procedure in all civil actions in the district courts and county courts). See also, Pike Avenue Development v. Pulaski County,343 Ark. 338, 37 S.W.3d 177 (2001) (former "Inferior Court Rules" governed procedure for appeals of tax adjustment from county court to circuit court). The District Court Rules, however, do not specifically address the rescheduling of a hearing for an interested person's failure to appear. The District Court Rules also provide, however, that where applicable, and unless specifically modified, the Arkansas Rules of Civil Procedure shall apply to govern matters of procedure in the district and county courts. District Court Rule 1(b). In this regard, Arkansas Rule of Civil Procedure 40 addresses trial settings and continuances. It states that the "court may, upon motion and for good cause shown, continue any case previously set for trial." The facts you recite do not indicate that the taxpayer has made any pre-hearing motion for a continuance, or that any "good cause" was necessarily shown for his failure to appear. In addition, it has been held that "Pursuant to ARCP, Rule 40, the granting or denial of a continuance is a matter within the sound discretion of the court, and such a ruling will not be disturbed unless the trial court abused that discretion by acting arbitrarily and capriciously." Smith v. City of Little Rock, 279 Ark. 4,648 S.W.2d 454 (1983). I cannot state, in light of the applicable rules, that the taxpayer has a "right, regardless of fault" to have the hearing reset.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Of course, there may be no impediment to the Board of Equalization's discretionary rescheduling of a hearing under the circumstances you describe, but that does not appear to be the focus of your inquiry, which is whether the taxpayer has the "right" to have the hearing rescheduled.
[2] The time to pursue an appeal is discussed at A.C.A. § 26-27-318
(c)(1) and "must be filed on or before the second Monday in October of each year . . . and shall be heard and an order made on or before the fifteenth day of November."
[3] The non-mandatory nature of such hearings would seem particularly evident under current law, which allows disposition of the matter through written documentation, without a personal appearance by the property owner or his agent. See A.C.A. § 26-27-317(b)(1).